335

Arthur RATZLAFF et al *v.* FRANZ FOODS
of Arkansas, a Subsidiary of TYSON'S FOODS,
an Arkansas Corporation

74-172 to 178                               516 S.W. 2d 385

Opinion delivered December 9, 1974

*Putman, Davis & Bassett,* by: *Tilden P. Wright III,* and
*John O. Maberry,* for appellants.

*Crouch, Blair, Cypert & Waters,* for appellees.

CARLETON HARRIS, Chief Justice. This is the third
appeal in this litigation. See *Ratzlaff, et al* v. *Franz Foods of
Arkansas,* 250 Ark. 1003, 468 S.W. 2d 239, and *Ratzlaff, et al* v.
*Franz Foods of Arkansas,* 255 Ark. 373, 500 S.W. 2d 379. The
pertinent facts are set out in the first *Ratzlaff* case, and it is
not necessary that those facts be here reiterated. It is suf-

ficient to say that appellants contend that appellee has discharged certain noxious wastes into the sewer system of the City of Green Forest, allegedly polluting Dry Creek, a stream running through appellant's properties, and they allege damages. In the first case, the trial court sustained a demurrer to the complaint and we reversed and remanded, our holding being largely predicated on the fact that the complaint asserted that appellee had violated a contractual duty with the City. We also pointed out, however, that in *Carmichael* v. *City of Texarkana*, 116 F. 845, 54 C.C.A. 179, it was recognized that a user of the City's sewage facilities could, under some circumstances, be liable. In the second *Ratzlaff* case, the appeal was dismissed because we held that it constituted a "piecemeal appeal". Following the remand of that case, four additional plaintiffs joined the original plaintiffs in the suit against Franz Foods and except for slight variations of property descriptions and the amount of damages sought, the complaints and amended complaints are substantially identical to those of original appellants. There are three allegations, the first being the existence of an oral or written contract between appellant and the City of Green Forest, by which contract Franz was restricted from depositing certain production waste matters into the City Sewer System. It was next asserted that Franz was directly depositing such matter into Dry Creek, causing the pollution of said stream to the damage of appellants, and finally it was asserted that Franz had violated the City ordinance which specifically provided that certain deposits of waste products should not be deposited into the sewer system of the City. As to the last contention, the court granted a summary judgment, holding, as a matter of law, that this allegation did not state a cause of action;[1] subsequently, the evidence being stipulated, the court granted a directed verdict and dismissed the complaint. Thereafter, this appeal was perfected, but only one point is here relied upon, *viz.*, "The existence of Ordinance No. 272 of the City of Green Forest, Arkansas, and the violation of such ordinance by the appellee states a cause of action against the appellee."

---

[1] The ruling was apparently based on the ground that an individual user of the City Sewage System cannot be liable for alleged damage once he discharges an effluent into the municipal sewage system.

Ordinance No. 272 is an exhibit to the complaint.

As to the ordinance, the complaint, *inter alia,* asserts violations of Article III, Section 3 (b), (d), Section 4 (b), (c), (f), (h), (i) (3), (i) (4), and (j) of said ordinance. We agree with appellee that violations of Section 4 and its subdivisions do not assert a cause of action since that section provides that no substances, wastes, etc., shall be discharged into the sewer system "if it appears likely in the opinion of the Water Superintendent or Sewer Superintendent such wastes can harm either sewers, sewage treatment process or equipment, have an adverse effect on the receiving stream, or can otherwise endanger life, limb, public property, or constitute a nuisance." There is no allegation in the complaints or amended complaints that the superintendent has made any finding that waste deposited by Franz can harm the system, and without such an allegation, a cause of action cannot be predicated on this section.

Violations mentioned in Section 3, however, are not dependent upon the opinion of the Sewer Superintendent. Pertinent provisions in that section read as follows:

"Section 3. No person shall discharge or cause to be discharged any of the following described waters or wastes to any public sewers: . . .

(b) Any waters or wastes containing toxic or poisonous solids, liquids or gases in sufficient quantity, either singly or by interaction with other wastes to injure or interfere with any sewage treatment process [to] constitute a hazard to humans or animals, create a public nuisance or create any hazard in the receiving waters of the sewage treatment plant, including, but not limited to, cyanides in excess of two (2) mg/1 as CN in the wastes as discharged to the public sewer. . . .

(d) Solid or viscose substances in quantities or of such size capable of causing obstruction to the flow in sewers or other interference with the proper operation of the sewage works such as, but not limited to, ashes,

cinders, sand, mud, straw, egg shells, shavings, metal, glass, rags, feather, tar, plastics, wood, unground garbage, whole blood, pauch manure, hair and fleshings, entrails, paper dishes, cups, milk containers, etc., either whole or ground by garbage grinders."

Appellee argues, however, that Article VI of the Ordinance covers this section. Article VI reads:

"Section 1. Any person found to be violating any provision of this ordinance shall be served by the Water Superintendent or the Sewer Superintendent with written notice stating the nature of the violation and providing a reasonable time limit for the satisfactory correction thereof. The offender shall, within the period of time stated in such notice, permanently cease all violations.

Section 2. Any person who shall continue any violation beyond the time limit provided for in Article VI, Section 1, shall be guilty of a misdemeanor, and on conviction thereof may be fined in an amount not exceeding One Hundred Dollars ($100.00) for each violation. Each day in which any such violation shall continue shall be deemed a separate offense.

Section 3. Any person violating any of the provisions of this ordinance shall become liable to the City for any expense, loss, or damage occasioned the City by reason of such violation."

It is contended that since there are no allegations that the Sewer Superintendent has served a notice on appellee, as provided in Section 1, the complaint fails to state a cause of action.

Appellee, in its brief, says with reference to Section 3 and the pertinent subsections:

"This leaves only the allegations relative to violation of Sub-Sections 3 (b), and (d) to be dealt with. Article VI

of the ordinance specifically and unequivocally provides that the deposit of any of the prohibited substances in the sewage system is not unlawful unless and until the water superintendent or the sewer superintendent finds that the ordinance is being violated, and serves written notice on the violator providing a reasonable time for the satisfactory correction of the deficiency. Section 2 of Article VI further specifically provides that there is no violation of law unless the person notified continues to deposit the substances in the sewage system after the period of time stated in the notice. There is not even any allegation that these requirements of the ordinance have been fulfilled; thus, the complaint also totally fails to state a cause of action relative to the alleged violations of Article III of the ordinance."

We do not agree that Article VI provides that the deposit of prohibited substances into the sewage system is not unlawful until the Superintendent finds that the ordinance is being violated. In fact, Article VI deals entirely with enforcement for a violation and sets forth the criminal penalty in event an offender shall continue to violate the ordinance after being advised by the Sewer Superintendent with written notice stating the nature of the violation and providing a reasonable time for the correction thereof. Civil litigation is not dependent upon criminal prosecution and of course there is frequently civil litigation between parties where one has allegedly violated criminal provisions, but has not been prosecuted. It is true that there is no allegation in the complaint to the effect that the Superintendent has served a notice of a violation upon appellee but this does not necessarily mean that no violation has occurred. At any rate, there is nothing in Article VI which provides that even though one deposits prohibited (by the ordinance) substances into the sewage system, such act is not unlawful until notice has been served by the Superintendent.

To return to the case of *Carmichael v. City of Texarkana, supra,* the case was originally filed in the District Court at Texarkana, wherein complainants sought the abatement of a nuisance alleged to have been created by the discharge of sewage from the sewer system of the City on premises of com-

plainants, and further sought to recover damages caused to complainants thereby. Both the City of Texarkana and certain individuals were named as defendants. The individual defendants demurred and such demurrer was sustained in a decree rendered in May, 1899. The suit remained pending against the City. Subsequently, in 1901, the pleading against the City was dismissed. This case is styled *Carmichael* v. *City of Texarkana*, 94 F. 561 (W.D. Ark.). The decree was thereafter appealed to the United States Court of Appeals (Eighth Circuit) and was affirmed, that court finding that, as to the City, there was no evidence of negligent construction or maintenance of the sewer system. As to the individuals, the court held that inhabitants of a city who call upon such city to construct a sewer which the city has the authority to construct and control, and such inhabitants who use the improvement *in the way prescribed by law,* are not liable jointly with the city for damages which result to third parties. In the trial court opinion, which was left intact by the Court of Appeals, District Judge Rogers stated:

> "It does not appear from the complaint that the connections made by the individual defendants with the defendant city's sewer system were made in violation of any city ordinance or statute of the state, nor will it be assumed in the absence of allegations to that effect."

The question here presented is not exactly the same as that in *Carmichael,* but the principle is controlling, i.e., we have here the allegation that Section 3 of the City ordinance was violated by appellee depositing certain substances into the sewer system contrary to the ordinance.

We hold that a cause of action was stated and the court erred in granting a summary judgment to appellee. The judgment is therefore reversed and the cause remanded to the Carroll County Circuit Court (Eastern District) with directions to proceed in a manner not inconsistent with this opinion.