## MOUNTAIN PURE, LLC *v.*
## AFFILIATED FOODS SOUTHWEST, INC.;
Turner Holdings, L.L.C.;  Portola Packaging, Inc.;  Stone Container
Corporation;  Consolidated Contained Company, L.L.C.

05-837                                                233 S.W.3d 609

Supreme Court of Arkansas
Opinion delivered April 6, 2006

*Barrett & Deacon, A Professional Association*, by: *D.P. Marshall Jr.*
and *Brandon J. Harrison*, for appellant.

*Dover Dixon Horne PLLC*, by: *Steve L. Riggs* and *Nona M. Morris*; and *Friday Eldredge & Clark, LLP*, by: *William A. Waddell, Jr.*, for appellee Affiliated Foods.

*Cross, Gunter, Witherspoon & Galchus, P.C.*, by: *M. Stephen Bingham*, for appellee Stone Container Corporation.

ANNABELLE CLINTON IMBER, Justice. This case involves a suit between Appellant Mountain Pure, LLC, and Appellees Affiliated Foods Southwest, Inc., Turner Holdings, LLC, Portola Packaging, Inc., Stone Container Corporation, and Consolidated Container Company, LLC. The case has a long and convoluted procedural history, which has been fully outlined in a previous unpublished opinion by the Arkansas Court of Appeals:

> In December 2001, appellant filed a complaint in the Pulaski County Circuit Court against appellees for breach of contract. Appellant also included a claim for conversion of a forklift against Turner. In its claim against Affiliated, appellant alleged that Affiliated had breached their contract in regard to certain equipment Affiliated had leased to Turner even though it had already sold that equipment to appellant. Turner filed a counterclaim against appellant for the contractual amount due for products that it had supplied to appellant and for the conversion of certain equipment. Stone, Consolidated, and Portola also filed counterclaims against appellant for the debts that appellant owed them. On July 18, 2003, Stone moved for summary judgment on appellant's complaint.
>
> On August 6, 2003, appellant filed an amended complaint that added negligence and strict-liability claims against Turner, Portola, Consolidated, and Stone. On August 20, 2003, appellant moved to take a nonsuit on its claims against Turner, Portola, Stone, and Consolidated. The court entered an order dismissing those claims without prejudice, leaving appellant's claims against Affiliated intact. The court later modified this order to provide that the dismissal did not include appellant's breach-of-contract and breach-of-warranty claims against Turner, Stone, Portola, and Consolidated.
>
> Stone, Turner, Portola, and Consolidated moved for summary judgment on their debt claims against appellant. Affiliated also moved for summary judgment, asserting that appellant had repudiated their agreement. On November 21, 2003, the circuit court

granted Affiliated's motion for summary judgment as to appellant's claims for breach of contract and took the "equipment issue" under advisement. On December 10, 2003, the court granted summary judgment in favor of Stone, Consolidated, Turner, and Portola on appellant's breach-of-contract and breach-of-warranty claims. On December 16, 2003, the circuit court granted summary judgment to Turner for its debt claim in the amount of $499,041.44, plus prejudgment interest of $77,517.97, attorney's fees, and costs. The court modified that judgment to exclude the conversion claim on January 12, 2004, reducing the award to $196,012.30, plus prejudgment interest and attorney's fees. It awarded summary judgment to Consolidated on its debt claim in the amount of $368,437.13, prejudgment interest, and attorney's fees on December 19, 2003. On the same day, it awarded summary judgment in the amount of $257,168.89, plus prejudgment interest and attorney's fees, to Stone. The court also awarded Portola summary judgment in the amount of $62,110.31, plus prejudgment interest of $9,240.40 and attorney's fees on that date.

Turner took a nonsuit on its conversion claim against appellant on February 3, 2004. On February 18, 2004, appellant took a voluntary nonsuit on the "equipment issue." In the order granting the nonsuit, the court stated: "The Court has now ruled on all Motions submitted by all parties, and there are no issues remaining for trial. There is, therefore, no requirement for a Rule 54 certification, and this Order is final and appealable as to all issues and all parties."

*Mountain Pure LLC v. Affiliated Foods Southwest, Inc.*, No. CA 04-543 (Jan. 19, 2005) (*"Mountain Pure I"*). In dismissing the appeal, the court of appeals reasoned as follows:

The supreme court has held that a party that has several claims against another party may not take a voluntary nonsuit of one claim and appeal an adverse judgment as to the other claims when it is clear that the intent is to refile the nonsuited claim and thus give rise to the possibility of piecemeal appeals. This is so because a voluntary nonsuit or dismissal leaves the plaintiff free to refile the claim, assuming there has been no previous dismissal.

Here, appellant has taken a nonsuit on its "equipment" claim against Affiliated and has nonsuited all of its other claims, except for the breach-of-contract and breach-of-warranty claims, against

Turner, Stone, Portola, and Consolidated. Additionally, appellant and Turner have taken nonsuits on their conversion claims against each other. Because the nonsuited claims may be refiled, this is an interlocutory appeal that we have no authority to entertain under Rule 2(a). Accordingly we have no choice but to dismiss this appeal.

*Id.* (internal citations omitted). Following the decision by the court of appeals, Mountain Pure filed a second amended complaint, reasserting its nonsuited equipment claim against Affiliated. Affiliated filed a motion to dismiss, arguing among other things that the complaint was filed while the circuit court was without jurisdiction. Additionally, Turner filed a complaint in a new case, reasserting its conversion claim against Mountain Pure, but this claim was eventually dismissed with prejudice.

On April 6, 2005, the circuit court struck Mountain Pure's second amended complaint, finding that the court was without jurisdiction to entertain the complaint because the case had been dismissed without prejudice. Mountain Pure filed a notice of appeal from the order striking the amended complaint. Mountain Pure also filed a motion for reconsideration and a motion requesting the court to enter a final judgment and to certify the judgment pursuant to Ark. R. Civ. P. 54(b). The court held a hearing and eventually entered an order denying both motions. Mountain Pure then filed an amended notice of appeal and lodged an appeal with the Arkansas Court of Appeals. Shortly thereafter, Appellees filed motions to dismiss the appeal. The court of appeals has certified the motions to this court as involving an issue of substantial public interest needing further development or clarification of the law. Thus, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(b)(4) and (5) (2005).[1]

Appellees argue that the instant appeal should be dismissed as untimely. Specifically, Appellees argue that the original case was closed upon entry of the voluntary nonsuits, and, consequently, Mountain Pure could not file the second amended complaint in the case or appeal from the circuit court's subsequent decisions in the case. Appellees futher contend that Mountain Pure was re-

---

[1] Upon further examination, we conclude that we improvidently assumed jurisdiction over the merits of the case. Our acceptance of the certification by the court of appeals is for the limited purpose of deciding Appellees' motions to dismiss the appeal.

quired to file a completely new lawsuit in order to resurrect the nonsuited claims. Mountain Pure, on the other hand, maintains that the amended pleadings were appropriately filed in the original case, and the order striking the second amended complaint and the order refusing to enter a final judgment are both appealable and bring up for review all prior orders in the original case.

Rule 2 of the Arkansas Rules of Appellate Procedure – Civil specifically denotes which matters are appealable:

(a) An appeal may be taken from a circuit court to the Arkansas Supreme Court from

(1) A final judgment or decree entered by the circuit court;

(2) An order which in effect determines the action and prevents a judgment from which an appeal might be taken, or discontinues the action;

(3) An order which grants or refuses a new trial;

(4) An order which strikes out an answer, or any part of an answer, or any pleading in an action;

(5) An order which vacates or sustains an attachment or garnishment;

(6) An interlocutory order by which an injunction is granted, continued, modified, refused, or dissolved, or by which an application to dissolve or modify an injunction is refused;

(7) An interlocutory order appointing a receiver or refusing to wind up a pending receivership or to take the appropriate steps to accomplish the purposes thereof, such as directing a sale or other disposal of property held thereunder;

(8) An order which disqualifies an attorney from further participation in the case;

(9) An order granting or denying a motion to certify a case as a class action in accordance with Rule 23 of the Arkansas Rules of Civil Procedure;

(10) An order denying a motion to dismiss or for summary judgment based on the defense of sovereign immunity or the immunity of a government official;

(11) An order or other form of decision which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties in a case involving multiple claims, multiple parties, or both, if the circuit court has directed entry of a final judgment as to one or more but fewer than all of the claims or parties and has made an express determination, supported by specific factual findings, that there is no just reason for delay, and has executed the certificate required by Rule 54(b) of the Rules of Civil Procedure; and

(12) An order appealable pursuant to any statute in effect on July 1, 1979, including Ark. Code Ann. § 16-108-219 (an order denying a motion to compel arbitration or granting a motion to stay arbitration, as well as certain other orders regarding arbitration) and § 28-1-116 (all orders in probate cases, except an order removing a fiduciary for failure to give a new bond or render an accounting required by the court or an order appointing a special administrator).

Ark. R. App. P. – Civil 2(a) (2005). In this case, Mountain Pure asserts that the record contains two appealable orders: an order striking a pleading (Ark. R. App. P. – Civil 2(a)(4)) and an order refusing to enter a final judgment (Ark. R. App. P. – Civil 2(a)(2)). Appellees disagree, arguing that these matters were not properly before the trial court in this case because the case was closed. To determine who is correct, we must closely examine the procedural history of the case, including the decision by the court of appeals in *Mountain Pure I.*

This case was originally filed by Mountain Pure against Appellees, and involved numerous claims and counterclaims between the parties. Eventually, all claims and counterclaims had either been dismissed on summary judgment or voluntarily non-suited by the parties. Specifically, Mountain Pure nonsuited its "equipment claim" on February 18, 2004, and the circuit court stated that "the Court has now ruled on all Motions submitted by all parties, and there are no issues remaining for trial." Mountain Pure then lodged an appeal with the Arkansas Court of Appeals.

■ The court of appeals dismissed the appeal, holding that the case did not contain a final order because some of the claims had been nonsuited and could be refiled. Rule 54 of the Arkansas Rules of Civil Procedure deals with the finality of orders and states:

(1) *Certification of Final Judgment.* When more than one claim for relief is presented in an action, whether as a claim, counterclaim,

cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination, supported by specific factual findings, that there is no just reason for delay and upon an express direction for the entry of judgment. . . .

(2) *Lack of Certification*. Absent the executed certificate required by paragraph (1) of this subdivision, any judgment, order, or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the judgment, order, or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Ark. R. Civ. P. 54(b)(1-2) (2005). The ruling by the court of appeals is in line with our decisions where we have held that voluntary nonsuits of claims do not provide finality on other resolved claims. *Haile v. Ark. Power & Light Co.*, 322 Ark. 29, 907 S.W.2d 122 (1995); *Ratzlaff v. Franz Foods of Ark.*, 255 Ark. 373, 500 S.W.2d 379 (1973). While a nonsuit *can* create finality if the nonsuit is to one of several parties, *Driggers v. Locke*, 323 Ark. 63, 913 S.W.2d 269 (1996), that is not the situation here. In this case, there were claims against each appellee that had been resolved by nonsuit and by summary judgment. Thus, the court of appeals correctly held that the order granting nonsuit was not a final, appealable order.

██ Mountain Pure suggests that the lack of a final, appealable order means that the circuit court retained jurisdiction over the action to resolve the remaining claims and enter a final order. We agree. Indeed, we have previously dismissed appeals for lack of finality and specifically directed the trial court to enter a final order. *See, e.g., South County, Inc. v. Fire Western Loan Co.*, 315 Ark. 722, 871 S.W.2d 325 (1994); *Ratzlaff v. Franz Foods of Ark.*, 257 Ark. 335, 516 S.W.2d 385 (1974); *Ratzlaff v. Franz Foods of Ark.*, 255 Ark. 373, 500 S.W.2d 379 (1973). So too, in the instant case, the dismissal of the appeal by the court of appeals had the effect of reinvesting jurisdiction in the circuit court to enter a final order in the case.

The wrinkle in this case is that the circuit court had already entered an order granting the nonsuit. Based on the nonsuit, the circuit court opined that it did not have jurisdiction in the instant

case, and that Mountain Pure was required to file its nonsuited claims in a completely new case. However, as noted above, the entry of the voluntary nonsuits did not create a final, appealable order in the case. Consequently, jurisdiction was still vested in the circuit court until such time as the remaining claims were properly adjudicated and a final order was entered. The following claims remained in limbo and had to be resolved in order for the case to be appealable: the strict liability and negligence claims against the four vendors, the equipment claim against Affiliated, and Turner's conversion claim against Mountain Pure.

First, Mountain Pure refiled its strict-liability and negligence claims against the vendors in federal court on September 8, 2003, decidedly within the one-year statute-of-limitations period. Ark. Code Ann. § 16-56-126 (Repl. 2005). Those claims are still being adjudicated in federal court. *Mountain Pure, LLC v. Turner Holdings, LLC*, 439 F.3d 920 (8th Cir. 2006). *See also Mountain Pure, LLC v. Turner Holdings, LLC*, No. 4: 03CV00717 SWW, slip op. (E.D. Ark. Mar. 31, 2005). As those claims have once been dismissed and have been refiled, they cannot be filed a third time. Ark. R. Civ. P. 41 (2005). Consequently, the original nonsuit of the strict-liability and negligence claims is no longer a bar to the finality of the summary-judgment orders. Turner's conversion claim against Mountain Pure was similarly disposed of when Turner refiled that claim in a separate action and subsequently dismissed it with prejudice on February 22, 2005.

As for Mountain Pure's equipment claim against Affiliated, Mountain Pure reasserted that claim in its second amended complaint filed on February 3, 2005. The circuit court disposed of this claim on April 6, 2005, by striking the second amended complaint.[2] Moreover, at the time the circuit court entered its order striking the second amended complaint, all other pending nonsuited claims had either been refiled in federal court or dismissed with prejudice. Thus, the circuit court's April 6, 2005 order created a final order in the case and Mountain Pure has

---

[2] As of February 17, 2005, when the court of appeals issued its mandate, the circuit court was reinvested with jurisdiction to act in this case. Ark. Sup. Ct. R. 5-3 (2005); *Barclay v. Farm Credit Servs.*, 340 Ark. 65, 8 S.W.3d 517 (2000).

properly appealed from that order, thereby bringing up for review the intermediate summary-judgment orders.

Motion to Dismiss Appeal Denied.

GLAZE, J., not participating.

