DONALD L. CORBIN, Justice, dissenting in part and concurring in part. The appeal in the Beebe case is untimely, and I therefore respectfully dissent from the majority’s conclusion otherwise. I would grant the State’s motion to dismiss the appeal in Beebe, albeit for slightly different reasoning than argued in the State’s motion. Although the specific argument raised by the State is not well taken, the general idea of the untimeliness of the Beebe appeal gives me concern. This court’s appellate jurisdiction requires a timely appeal from a final order; we are obliged to raise jurisdictional issues on our own. Relying on Mountain Pure LLC v. Affiliated Foods Southwest, Inc., 366 Ark. 62, 283 S.W.3d 609 (2006), the State based its motion on the contention that the April 12, 2011 order ^entered in the Beebe case, dismissing the adequacy claim as barred by res judicata, became final on June 1, 2011, when the Deer/Mt. Judea School District (DMJ) refiled in the Kimbrell case the same local-and-special-legislation claim it had nonsuited in the Beebe case. The majority correctly concludes that Mountain Pure did not so hold. However, I cannot agree with the majority’s further analysis and conclusion that the Beebe appeal is timely as from the January 22, 2013 order denying reconsideration of the April 2011 order. I simply cannot agree that an order denying reconsideration of a nonfinal order is a final order. Even if I could so agree, however, I would conclude that such an order was not timely obtained in this case. Once this court issued the opinion in the first appeal of this case, holding that the nonsuit of the local-and-special-legislation claim was a bar to the finality of the April 2011 order, the circuit court retained jurisdiction “until such time as the remaining claims were properly adjudicated and a final order was entered.” Mountain Pure, 366 Ark. at 69, 233 S.W.3d at 614. However, when nonsuited claims are timely refiled and “still being adjudicated” in another case, those claims “[are] no longer a bar to the finality” of the previously entered orders because “[a]s those claims have once been dismissed and have been refiled, they cannot be filed a third time. Ark. R. Civ. P. 41.” Id. at 69, 233 S.W.3d at 614. Because DMJ had refiled the local-and-special-legislation claim as a wholly separate case in Kimbrell while the first Beebe appeal was pending, and because there were only two claims alleged from the start in the Beebe case,[3] there were no remaining claims in the Beebe case for lasthe circuit court to properly adjudicate. Thus, according to Mountain Pure, there were no longer any bars to the finality of the April 2011 order. In accordance with Mountain Pure, after the first appeal in the present case, all that remained within the circuit court’s jurisdiction in Beebe was to enter a final order on the adequacy claim that it had previously dismissed in April 2011 as being barred by res judicata. It was incumbent upon DMJ to obtain a final order forthwith, as there were no other remaining claims in the Beebe case. The majority is of the view that there is no time constraint here, and that the trial court could retain jurisdiction of the Beebe case indefinitely while the separate Kimbrell case was being adjudicated simply to enter a final order in the Beebe case upon the final adjudication of the Kimbrell case. I, however, am of the view that such indefiniteness results in undue confusion and delay of the separate cases, whether consolidated or not, not to mention prejudice and perhaps in some cases even miscarriages of justice. I am also of the view that some time limitation should be placed on a litigant’s ability to indefinitely manipulate the rules of civil procedure to unnecessarily complicate a case. While a litigant has an absolute right pursuant to Rule 41 to take a voluntary nonsuit and then refile a claim, be it in the same case or in a different case in either state or federal court, I favor an approach that places the burden of timely winding up the loose ends that inevitably result from the taking of a voluntary nonsuit on the party exercising such right. Indeed, such an approach is at least intimated as within the spirit of Rule 41(b), where there is a one-year limitation and resulting involuntary dismissal for the failure to prosecute a claim. | ^Moreover, contrary to the majority’s view of Mountain Pure, I do not read that case to require such indefiniteness as to the circuit court’s retention of jurisdiction to enter a final order. Mountain Pure plainly states that when a nonsuited claim is timely refiled in another case and is still being adjudicated, that nonsuited claim is no longer a bar to the finality of an order on the other claims in the original case because the nonsuited and refiled claim cannot be refiled a third time pursuant to Rule 41. In Mountain Pure, however, in addition to the nonsuited claims that were refiled and ongoing in federal court, there were also some nonsuited claims that were refiled and dismissed with prejudice in state court, and, still, unlike in the present case, there was yet an additional nonsuited claim that remained within the original case. The plaintiff in Mountain Pure chose to refile that claim via an amended complaint within the original case. And the trial court in Mountain Pure thus retained jurisdiction until that claim was finally adjudicated and an appeal was taken. I simply do not read Mountain Pure as allowing the trial court to retain jurisdiction of a case until the refiled and ongoing nonsuit-ed claims are finally adjudicated in a separate case. As noted, on these facts, when there are no longer any bars to finality, I would conclude that DMJ bore the burden of obtaining a final order forthwith and its failure to do so until the Kimbrell case was finally adjudicated results in an untimely appeal in the Beebe case. Even assuming arguendo that, as the majority concludes, an order denying reconsideration of a nonfinal order somehow results in a final order, then I am of the view that there should be some time restraint on the motion for reconsideration. Thus, as applied to the present ease, if there was to be a timely motion for reconsideration of the April 2011 order, 1¾7⅛ had to be filed at the very latest within the 90-day time constraints of Rule 60 of the Arkansas Rules of Civil Procedure. As I would apply the majority’s conclusion to this case, then my view is that such a motion for reconsideration must have been filed with the trial court within 90 days of our mandate in the first appeal. The date of the mandate is the operative date on these facts because that is the point at which both the April 2011 order no longer had any bar to finality — due to the refiling in the separate Kimbrell case of the claim that was the bar to finality in Beebe — and the trial court was reinvested with jurisdiction to enter a final order. Our opinion was delivered on March 1, 2012, and our mandate issued on March 20, 2012. DMJ filed its motion for reconsideration of the adequacy claim in the Beebe case on December 7, 2012, well outside the 90-day limitation that I propose. I can therefore follow the majority’s opinion to no other conclusion than to grant the State’s motion to dismiss the Beebe appeal as untimely. As I have concluded that the appeal in the Beebe case should be dismissed as untimely, I would not reach the merits of the argument that the circuit court erred in dismissing the adequacy claim as barred by res judicata. I do note, however, my general agreement with this court’s previous rejection of a res judicata argument raised by the State in a similar context: The District argues that the Parents’ claims are barred by the doctrine of res judicata because “the issues surrounding the definition and determination of adequacy were fully litigated” in the Lake View litigation. Were this court to so hold, it would preclude any future challenge ever made to the constitutionality of the state’s educational system. There is simply no merit to this argument by the District. Walker v. Ark. State Bd. of Educ., 2010 Ark. 277, at 18 n. 6, 365 S.W.3d 899, 910 & n. 6. Finally, with respect to the Beebe case, I address the striking of the amended complaint. __]2jAccording to Rule 2(a)(4) of the Arkansas Rules of Appellate Procedure— Civil, an order striking a pleading is an immediately appealable order. We have a timely notice of appeal from the order striking DMJ’s amended complaint. Striking the amended complaint was not an abuse of discretion because the State would have been prejudiced by having to relitigate matters that were already final. Thus, even assuming that it was proper for the circuit court to have acted on the motion to strike in the Beebe case, to allow the amended complaint would have prejudiced the State; therefore, it was not an abuse of discretion to strike it. As for the Kimbrell appeal, I agree with the majority’s conclusion that the Kimbrell appeal is now moot, as the parties conceded in oral argument. Even absent that concession, the appeal would still be moot. While the current appeal was pending, the General Assembly amended the statute in question during the 2013 session to remove the date restriction. The amendment by the legislature occurred by way of Act 1073 of 2013, which became effective August 16, 2013. This Act made technical corrections to the school-funding statutes and specifically repealed the date restriction in the statute DMJ challenged on appeal. The amendment also achieves exactly the remedy provided by the circuit court in this case. The action of the legislature therefore renders moot the issue presented in this portion of the appeal. See Ark. Dep’t of Correction v. Williams, 2009 Ark. 523, 357 S.W.3d 867. When a statute is amended while an appeal challenging the statute is pending, the amendment eliminates the controversy between the parties and renders the appeal moot. Id. As a general rule, this court does not review moot issues, as to do so would be to render an advisory opinion. Warren Wholesale Co. v. McLane Co., 374 Ark. 171, 286 S.W.3d 709 (2008). |⅞1⅛ sum, while I agree generally with the majority’s conclusions on res judicata, I simply cannot agree that this court has jurisdiction to render such an opinion. The effect of the majority opinion is to hold our trial courts open indefinitely in the name of preventing piecemeal appeals. We have already significantly eroded our prohibition of piecemeal appeals by simply allowing a trial court to issue an adequate Rule 54(b) certificate. I see no reason then to blindly protect that principle in this case at the expense of the finality principle. I would prefer a resolution of this case that requires a litigant to promptly obtain a final order rather than allow that litigant to continue to cause even more confusion and delay and burden our courts at both the trial and appellate levels. While I consider myself sensitive and even sympathetic to the arguments raised by the school district in this case, I point out that my view of a dismissal of this appeal on jurisdictional grounds would not preclude the merits of the arguments here presented from being properly raised in future cases. . In Mountain Pure, there were several remaining claims. Some were refiled and still being adjudicated in federal court and were no longer a bar to finality, while others were refiled in state court and then dismissed with prejudice. I reject DMJ’s argument that Mountain Pure can be distinguished on the basis that the nonsuited claims that were still being adjudicated were refiled in federal court, rather than in state court as in the present case. Rule 41(a)(2) expressly provides that the two-dismissal rule operates regardless of which courts, state or federal, are involved.