Cole and Severs against Wagnon, Adm.

Error to Washington Circuit Court:

Where the record states that the defendants severally filed special pleas of justification, besides jointly pleading the general issue; but no such pleas appear on the record; and further states, that the defendants, being served with a notice to produce the papers under which they severally so justified, failed and refused to produce them, but no such notice appears on the record; the record fails to show any requisition on them to produce the papers, and they do not appear to have been under any legal obligation to produce them.

In such case it was error to sustain a motion by the plaintiff to disregard such pleas, and give judgment by default.

But as no such special pleas appear in the record, they cannot be regarded as interposing any defence to the action : nor can the Supreme Court know what the facts so pleaded were, or whether they were so pleaded as to constitute a legal bar to the action.

And the judgment below, in such case, being against the party pleading, there being nothing in the record to prove the judgment wrong, or that such pleas were applicable to the case, or legally sufficient in bar, the judgment will not be set aside, although the reason assigned by the court for disregarding such pleas, is illegal or insufficient.

Where the plea of the general issue, purports to be the plea of one defendant only, if judgment by default, for the failure of the other defendant to plead is given against both, it is not good as to either.

It was error to disregard the plea of not guilty and render judgment by default, even if papers on which the defendants relied in their special pleas, were not produced after due notice. The defendants could only be defaulted as to that part of their defence to which the papers not produced applied.

This was an action of trespass instituted in the Circuit Court of Washington county, by *Thomas Wagnon* against the plaintiffs in error. At the term to which the case was returnable, the defendants, upon affidavits filed, obtained a continuance of the cause generally without pleading, and with leave to plead at the next term; when, as the record states, they pleaded the general issue jointly; and severally pleaded special pleas in justification; but no special pleas are contained in the transcript of the record. The record further states that the defendants being served with a notice to produce the papers under which they severally justified in their said special pleas mentioned, failed and refused to produce the same; but no such notice appears in the transcript of the record. The plaintiff then moved the court to disregard said pleas, and treat them as a nullity, and award him a judgment as by default because of the non-

production of said papers by said defendants, which motion was sustained, and judgment in due form entered " that said several pleas of the said defendants, be disregarded and treated as a nullity, and that the said plaintiff have judgment against the said defendants, as by default;" and thereupon a writ of inquiry was awarded, returnable to the next term, to assess the damages sustained by the plaintiff, by reason of the trespass, mentioned in his declaration, and the case continued; after which, and before the damages were assessed, the plaintiff appears to have died, and the suit to have been revived in the name of the defendants in error, as his legal representatives, and the damages subsequently assessed by a jury not sworn to try the issue, but " well and truly to try and true damages assess according to evidence," at the sum of $120, for which final judgment was rendered in favor of the plaintiffs.

WALKER, for plaintiff in error:

In order to force a party who is alleged to have charge of a paper, which the adverse party wishes to use, to produce it, the fact that such paper is in the party's possession must be verified upon motion and affidavit or other competent evidence, for such party is not bound to obey every capricious demand made of him. This appears not to have been done, nor does a notice in writing appear to have been filed. But conceding this to have been done, the subsequent motion to treat all the pleas as nullities should not have prevailed. The general issue was tendered, and although the special pleas might have been rejected, the defendants were not in default whilst that issue remained, as the statute only designed depriving the party of the benefit of his writing, or the pleadings based upon it, if he refused to produce it when regularly called on, not to deprive him of his whole defence.

RINGO, *Chief Justice*, delivered the opinion of the Court:

The plaintiffs in error allege that there is error in the judgment, sustaining the plaintiff's motion to disregard their pleas and treat them as a nullity, and also in giving judgment for the plaintiff by default after their plea of not guilty had been filed, and they had severally interposed a special plea in justification, as well as in swearing

the jury to inquire of damages, when they should have been sworn to try the issue. These questions will be considered and disposed of in the order in which they are above stated. The motion to disregard the plea may have been and probably was based upon the 49th section of the Statute, passed 3d July, 1807, as contained in the Digest of Laws of Arkansas, by Steele and McCampbell, page 331, but if it was, the record fails to show any requisition upon the defendants to produce them, and the court erred in sustaining the motion of the plaintiff to disregard the pleas and give judgment as by default against the defendants; and we are not aware of the existence of any other law justifying such judgment for the non-production of books or writings, in the possession of the defendants, under any circumstances; but inasmuch as these special pleas do not appear in the record before us, we cannot, according to the principle stated in the case of *Davis vs. Gibson*, decided at the present term, regard them as interposing any defence to the action, because it is impossible for us to know, what the facts so pleaded were, or whether they were so pleaded as to constitute a legal bar to the action; besides the judgment of the Circuit Court is against the parties pleading, and there is nothing in the record which proves that judgment wrong. The special pleas, for aught that appears, may have been inapplicable to the case, or legally insufficient to bar the action, in which event, the judgment should not be set aside for the defendants below, because the record does not show that their rights have been prejudiced by it, notwithstanding the illegality or insufficiency of the reason assigned by the court for disregarding them.

Such, however, is not the case in regard to the general issue, which, as the record states, was pleaded jointly by the defendants previous to the giving judgment against them, as by default; and although the plea, as it appears on the record before us, purports on its face to be the plea of the defendant Cole only, this can make no difference as to the question now under consideration, for it must be admitted, that the failure of Severs to plead could not in any manner prejudice the defence made by his co-defendant; and, therefore, if the judgment, as given, is not warranted by the circumstances of the case, as to both, it cannot, upon legal principles, be supported as to

Cole and Severs *against* Wagnon.

either; and as we have already decided that the defendants do not appear by the record, to have been required in the manner prescribed by the provisions of the statute above cited, to produce the papers mentioned in the special pleas, and that the court was not therefore warranted in giving judgment that the special pleas should be disregarded, upon the ground of the papers therein mentioned not being produced; it follows of course, if that decision be correct, that the court erred in disregarding the plea of not guilty, and treating it as a nullity, and proceeding to pronounce judgment against both defendants, as by default, which could not have been legally done, even if the defendants had been regularly and legally required to produce the papers or writings mentioned in their special pleas, in the manner prescribed by the statute; because, according to the very language of the statute, judgment by default could only be given as to that part of the defence, " to which the books or papers of the party are alleged to apply," and in the present case there is no allegation that the papers or writings in question apply to the defence, upon the general issue, nor is there any pretence, or reason to believe, that they could have been used as testimony for either party. On the trial of this issue, therefore, the court erred in giving judgment for the plaintiff as by default, and treating the pleas of not guilty interposed by the defendant Cole, as a nullity, and for this error, the final judgment of the Circuit Court, as well as the judgment by default, given in this case, are hereby reversed, annulled, and set aside, with costs, and this cause remanded to said Circuit Court for further proceedings therein to be there had, according to law, and not inconsistent with this opinion.