YELL, GOVERNOR, &C., USE OF CONANT & CO. VS. OUTLAW ET AL.

The defendants filed several pleas, to which the plaintiffs replied, and issues of law and of fact were formed: a jury was empanneled and sworn to try the issues of fact: the issues of law, being submitted to the court, were found for the defendants; to which the plaintiff excepted: "whereupon the plaintiffs refusing to proceed further," the jury was discharged by the court, and judgment that the plaintiffs take nothing by their writ, and that the defendants go hence without day and recover their costs : HELD, that the plaintiffs should have proceeded to try the issues of fact, after the issues of law were disposed of; and that the most favorable construction of the record entry is, that they submitted to a judgment of non-suit, to which a writ of error will not lie.

When a cause has been decided by this court, and remanded to the Circuit Court for further proceedings, and that court, upon like issues and evidence, decides against the adjudication of this court, it is a gross error, for which this court will, without hesitation, reverse the judgment.

*Writ of Error to Jefferson Circuit Court.*

The Hon. J. C. MURRAY, Circuit Judge, presiding.

TRAPNALL, for the plaintiff.

PIKE & CUMMINS, contra.

Mr. Chief Justice WATKINS delivered the opinion of the Court.

The peculiar state of case, upon which the question here to be determined arises, is as follows : Upon the remanding of this cause, after the decision of it by this court, reported in 3 *Eng.* 345, various amended pleas were interposed by the several defendants, to which the plaintiffs replied, and upon which issues of fact were formed, properly triable by a jury. We do not now consider or determine, whether those issues were material or immaterial, or the legal sufficiency of any of the pleas to bar the action; because that enquiry is not now involved, and the plain-

tiffs having treated the pleas as sufficient, we may intend that they were so, and that they were amended in accordance with the intimations contained in the opinion of this court, before cited. A reference to that opinion and the previous report of the same case, *Outlaw vs. The Governor*, 5 *Ark.* 468, will explain the nature of the suit which was against the principal and securities on the official bond of an administrator, and the various defences interposed. Upon the last trial of the cause a jury was empanneled and sworn to try the issues joined. There were also issues upon pleas of *nul tiel* record, which, being submitted to the court, were found in favor of the defendants: "And thereupon," as stated in the record, "the plaintiffs excepted to the finding of the court upon said issues, and immediately filed their bill of exceptions in respect thereof, which is signed, sealed and ordered to form a part of the record herein. Whereupon the plaintiff refusing to proceed further in the cause, it is ordered by the court that the jury empanneled in the cause be discharged." Then follows the judgment of the court, that the plaintiffs take nothing by their writ, and that the defendants go thence without day and recover their costs, &c. It appears from the bill of exceptions that the plaintiffs offered in evidence certain records which are set out, to prove the recovery of judgment in the original suit by Conant & Co. against the administrators, and which was all the evidence adduced in the cause.

The finding of the court, that there was no such record, was without doubt, a gross error; the issues and the evidence being the same in respect of which this court decided, when the cause was here before, (3 *Eng.* 353,) that the court below had correctly found in favor of the plaintiffs: nor would an enquiry be tolerated of an after discovered variance, if any such be alleged. And inasmuch as those issues were triable by the court itself, not sitting as a jury, having a plain duty to find the evidence sufficient, which the previous decision of this court had made a foregone conclusion, there could be no *hesitation* in reversing the judgment, if that was the only question; disregarding the point argued for the defendants upon the authority of *The State Bank vs. Conway*,

13 *Ark*. 344, where there was an exception to the finding of the court sitting as a jury, certifying the evidence without raising any question of law.

But that error of the court did not, in our opinion, warrant the plaintiffs in stopping the cause there, and refusing to proceed any farther with it.   It is a clear proposition that a plaintiff would not be entitled to judgment when there is a good plea in unanswered, *Cole vs. Wagnon,* 2 *Ark.* 154.    *Boyer vs. Robinson,* 1 *Eng*. 552; though a verdict and judgment for the plaintiff will not be reversed for want of a plea, which was the fault of the defendant.    *Shropshire vs. McLain, ib.* 440.    The question is, whether a judgment is final, so that a writ of error will lie to it, which disposes of only a part of the issues in the cause.    In *Woodruff et al. vs. The State,* 3 *Ark.* 286, the defendants below had pleaded several pleas; to one of which a demurrer was interposed on behalf of the State, issues of fact being made up on the others.    The demurrer was sustained in the court below, and by agreement, the other issues awaited the decision of the Supreme Court on the demurrer; but the nature of that agreement, and the judgment consequent upon it, not necessarily noticed in that decision, will appear in the subsequent report of the same case, 3 *Eng.* 333, where the question arose whether the agreement had not been violated after the remanding of the cause upon reversal.    The agreement was to the effect, that the court below, in case it sustained the demurrer to one of the pleas, should proceed by consent of parties to render final judgment in favor of the State, not only upon the demurrer, but upon the other pleas, to which issues of fact had been joined.    Such judgment was accordingly rendered, and unless that had been done, we apprehend this court would not have adjudicated the cause without an oversignt.    The result was that the defendants below staked every thing on obtaining a reversal of the judgment, which they had agreed should be final, if against them upon the demurrer; because if the judgment had been affirmed, the cause could not have been remanded for the trial of the other issues of fact.    In the report of the case last cited, the court say, "It is not in the

power of a party to single out any one issue, even by the most solemn contract of record, and submit it to the consideration of the Supreme Court, so as to elicit the opinion of the Supreme Court, upon the law or the fact of that particular issue. Such a judgment would not be final; as not embracing all the issues in the case; and, consequently, it could not become the subject of an appeal or writ of error. The real object of the parties was to take the opinion of the Supreme Court upon the question of law arising upon the demurrer to the second plea; but in order to receive the benefit of that decision it became absolutely necessary that the Circuit Court should pass upon all the issues joined."

The language of the opinion quoted is applicable to the present case and decisive of it, though the position of the parties is inverted. In the case of *The State vs. Woodruff et al.*, the defendants, if they wished to take the opinion of the Supreme Court upon any one of their defences, were bound either to have withdrawn the pleas upon which issues of fact had been joined, or consented that final judgment might go upon them in favor of the plaintiff, so as to mature the whole case for the decision of the appellate court, because the record could not remain in both courts at the same time for adjudication: otherwise causes would be determined by picemeal, and there would be an end of the salutary rule of law, the design of which is to make an end of the litigation, that the judgment concludes the parties as to every matter examinable at law, in support or avoidance of the right asserted, whether urged there or not. In this case, where the judgment of the court below, in favor of the defendants, upon one good plea, going to the whole cause of action, was sufficient to bar it, and the plaintiff could not force the defendants, having the right to plead several matters, to withdraw their other defences, the only course left for the plaintff was to proceed with the trial, and obtain or submit to a verdict of a jury upon the issues of fact, which they had been sworn to try.

The most favorable construction for the plaintiffs, that can be put upon the record entry, is that, during the progress of the

trial, they elected to take a non-suit, though such may not have been their intention. Since with us courts have no power to order a peremptory non-suit, it is no answer to say that the plaintiffs were compelled to go out of court by an erroneous decision upon one of the issues, which, if it had been correct, would have barred a recovery and put an end to the case. If the plaintiff goes out of court by his own voluntary act, though under a misapprehension, no writ of error lies to reverse the judgment consequent upon it. He might move to set aside a non-suit occasioned by surprise or alarm at some interlocutory decision of the court, or if he persisted in going on to verdict and judgment, might ask for a new trial upon the ground that the court had erred: but even in such case he would have to satisfy the court that but for its erroneous decision, he was prepared with evidence to entitle him to a recovery upon all the issues.

The decision of the court therefore, is that the writ of error be dismissed. Upon this, see *Peet vs. McGrace*, 21 *Wend.* 667: *Watson vs. Anderson, Hardin Rep.* 458. *Van Worneer vs. Mayor of Albany*, 18 *Wend.* 173. *Vestal vs. Burditt*, 6 *Black.* 556. It is proper to say, that in the decision at a former day of the present term, upon demurrer to a plea in bar of this writ of error, because the plaintiffs had prayed and prosecuted an appeal without supersedeas from the same judgment; that was the only question presented, and the record itself was not before the court.

Writ of error dismissed.