ARTHUR RATZLAFF ET AL *v.* FRANZ FOODS OF ARKANSAS

73-152—73-158                                500 S.W. 2d 379

Opinion delivered October 29, 1973

*Putman, Davis & Bassett,* and *John O. Maberry,* for appellants.

*Crouch, Blair, Cypert & Waters,* by: *H. Franklin Waters,* for appellee.

GEORGE ROSE SMITH, Justice. These seven appeals have been consolidated here. The controlling question is whether a plaintiff, by taking a voluntary nonsuit with respect to two counts in his complaint, can thereby convert an adverse partial summary judgment with respect to a third count into an appealable order.

Six landowners filed three suits against Franz Foods, alleging that Franz had, by discharging prohibited wastes into the sewer system of the city of Green Forest, polluted a stream running through the plaintiffs' property. The trial court sustained demurrers to the complaints, but on appeal we held that the complaints, by charging Franz with breaches of a contract with the city, stated a cause of action. *Ratzlaff* v. *Franz Foods of Arkansas,* 250 Ark. 1003, 468 S.W. 2d 239 (1971).

After that decision four more suits were filed. Eventually all seven complaints alleged not only the ground for recovery which we had sustained but also a second ground, that Franz had wrongfully discharged wastes directly into the stream, and a third ground, that Franz's discharge of certain wastes into the municipal sewer system violated a city ordinance. On Franz's motion the trial court entered partial summary judgments striking the third count of the complaints. The plaintiffs at once took voluntary nonsuits with respect to the two counts which the trial court had found to be valid and appealed from the partial summary judgments.

We sustain Franz's motion to dismiss the appeals for want of a final appealable order, which the statute re-

quires. Ark. Stat. Ann. § 27-2101 (Supp. 1971). In interpreting the statute we have steadfastly refused to allow piecemeal appeals. See our most recent case on the point, *Independent Ins. Consultants* v. *First State Bank of Springdale,* 253 Ark. 779, 489 S.W. 2d 757 (1973). Here the appellants seek to circumvent the policy of the statute by holding two counts of their complaints in abeyance while they seek our opinion upon the validity of a third count. If that procedure is permissible, litigants may appeal from various interlocutory orders by taking a nonsuit with respect to the rest of the case.

We are not persuaded by the appellants' argument that the situation is essentially the same as it would have been if they had first asserted only one cause of action and then, after a successful appeal from an adverse summary judgment, had added the other two causes of action by amendment after the case had been remanded to the trial court. The controlling distinction is that in the case at bar we know that a piecemeal appeal is presented and that we would violate the policy of the statute by entertaining it. In the suggested alternative situation no violation of the statute would exist or be discernible upon the appeal.

The case at bar falls squarely within the spirit of a statement that was first made in *Woodruff* v. *State,* 7 Ark. 333 (1846), and was later commented upon in *Yell* v. *Outlaw,* 14 Ark. 621 (1854): "It is not in the power of a party to single out a single issue, even by the most solemn contract of record, and submit it to the consideration of the supreme court, so as to elicit the opinion of the supreme court upon the law or the fact of that particular issue. Such a judgment would not be final, as not embracing all the issues in the case, and consequently it could not become the subject of an appeal or writ of error. The real object of the parties was to take the opinion of the supreme court upon the questions of law arising upon the demurrer to the second plea, but in order to receive the benefit of that decision it became absolutely necessary that the circuit court should pass upon all the issues joined."

Appeals dismissed.