Charles Arwood HAILE, David Haile, and Brian Haile,
d/b/a Haile's Dairy
*v.* ARKANSAS POWER and LIGHT COMPANY

95-355                                                907 S.W.2d 122

Supreme Court of Arkansas
Opinion delivered October 9, 1995

*Odell Pollard, P.A.,* by: *Odell Pollard,* for appellants.

*Friday, Eldredge & Clark,* by: *Scott J. Lancaster,* for appellee.

DAVID NEWBERN, Justice. The appellants, Charles Arwood Haile, David Haile, and Brian Haile (the Hailes) seek reversal of a partial summary judgment entered in an action brought by them against Arkansas Power and Light Company (AP&L). We must dismiss the appeal because the Trial Court's order is not a final order.

Depositions before the Trial Court when the partial summary judgment order was entered showed the following. In 1984 the Hailes built a new milking parlor at their dairy farm. Electricity for the parlor was supplied by AP&L. After milking operations commenced in the new milking parlor, the Hailes began to experience a decrease in milk production. Their herd suffered from an increase in mastitis and breeding difficulties.

The Hailes discovered in 1989 that stray electrical voltage in the new milking parlor was shocking the cows and was responsible for the decrease in productivity. The Hailes requested assistance from AP&L in identifying the source of the stray voltage. AP&L advised that there was nothing wrong with its service and that the problem must stem from improper wiring in the building.

The Hailes found nothing wrong with the wiring, and the problem continued. When, in November of 1992, AP&L installed an isolator device between its primary line and the Hailes' secondary line, the stray voltage in the milking parlor was virtually eliminated.

The Hailes sued AP&L on August 16, 1993, for damages suffered as a result of the shocks to the cattle allegedly caused by AP&L's negligence. They also alleged that AP&L misled them by telling them that the problem was in the wiring of the milking parlor, and they sought damages under a strict product liability claim.

AP&L moved for summary judgment on the product liability claim and full or partial summary judgment on the negligence claim. The Trial Court granted the motion with respect to the product liability claim. The Trial Court overruled the motion on the negligence claim but ruled that, due to the three-year statute of limitations, the Hailes could not recover for damages suffered prior to August 16, 1990.

The Hailes moved for reconsideration and, alternatively, asked permission to introduce evidence of AP&L's negligence and their damages prior to August 16, 1990, apparently for comparison purposes. The motion was denied. The Hailes then nonsuited their negligence claim.

### Lack of a final order

We confronted a similar situation in *Ratzlaff* v. *Franz Foods of Ark.*, 255 Ark. 373, 500 S.W.2d 379 (1973), in which partial summary judgment was entered as to one count in each of the seven complaints. The plaintiffs then took a voluntary nonsuit on the two remaining counts. We said, "The controlling question is whether a plaintiff, by taking a voluntary nonsuit with respect to two counts in his complaint, can thereby convert an adverse partial summary judgment with respect to a third count into an appealable order." We sustained a motion to dismiss the appeal for lack of a final order.

When the *Ratzlaff* case was decided, the law restricting appeals to those from final orders was found in Ark. Stat. Ann. § 27-2101. Today it is found in Ark. R. App. P. 2(a) which permits appeal of final orders and other categories constituting exceptions not applicable here. The order must be final for this Court to have jurisdiction, thus it is a matter we will consider even though the parties do not raise it. *Wilburn* v. *Keenan Cos.*, 297 Ark. 74, 759 S.W.2d 554 (1988); *Fratesi* v. *Bond*, 282 Ark. 213, 666 S.W.2d 712 (1984).

Discussing the statutory provision on the finality required for an appeal in the *Ratzlaff* case, we said:

> Here the appellants seek to circumvent the policy of the statute by holding two counts of their complaints in abeyance while they seek our opinion upon the validity of

a third count. If that procedure is permissible, litigants may appeal from various interlocutory orders by taking a nonsuit with respect to the rest of the case.

A voluntary nonsuit or dismissal leaves the plaintiff free to refile the claim, assuming there has been no previous dismissal. Ark. R. Civ. P. 41(a).

No doubt the Hailes intend to pursue their negligence claim if the issues they seek to present in this appeal are decided in their favor, and perhaps even if they are not. Their counsel candidly stated during oral argument before us that he pursued this appeal because he was left with just a "shell" of a lawsuit because the issues he seeks to present to us were decided adversely to his clients. It is, therefore, clear that this is an interlocutory appeal which we have no authority to entertain under Rule 2(a). As we said in the *Ratzlaf* case, when we are convinced an appellant pursues an unauthorized interlocutory appeal, the appeal will be dismissed. *See also Cowan* v. *Schmidle*, 312 Ark. 256, 848 S.W.2d 421 (1993).

Appeal dismissed.