PRO TRANSPORTATION, INC. *v.*
VOLVO TRUCKS NORTH AMERICA, INC.
and Volvo Truck Corporation

CA 05-1047                                          239 S.W.3d 537

Court of Appeals of Arkansas
Opinion delivered September 20, 2006

[Supplemental Opinion on Denial of Rehearing
December 6, 2006.]

*Randy Coleman, P.A.,* and *Maynard, Cooper & Gale, P.C.,* by: *W. Percy Badham, III, Robert W. Tapscott, Jr.,* and *Brannon J. Buck,* for appellant.

*Barber, McCaskill, Jones & Hale, P.A.,* by: *Michael J. Emerson,* for appellees.

JOHN MAUZY PITTMAN, Chief Judge. Appellant Pro Transportation, Inc. (Pro), brings this appeal from a judgment entered on a jury verdict in favor of appellees Volvo Trucks North America, Inc., and Volvo Trucks Corporation (collectively, Volvo) and the denial of its motion for a new trial. We cannot reach the merits of this case because the appeal is not from a final, appealable order as required by Ark. R. App. P.–Civ. 2(a) and Ark. R. Civ. P. 54(b). We therefore dismiss the appeal for lack of finality.

Pro is a long-haul trucking company based in Arkansas. Volvo designs and manufactures trucks and engines. Between 1999 and 2001, Volvo supplied Pro with a number of trucks with model VED-12 C engines. Pro alleged that it had some issues with non-piston/liner components, *e.g.,* fuel-injector cups, valves, turbo-chargers, and other components. After a period of negotiations, Pro and Volvo executed a confidential settlement

and release (the "settlement/release") on June 12, 2002. The settlement/release called for the payment of a certain sum of money by Volvo and an extended service program on those components in exchange for Pro's release of all claims, present and future.

On May 13, 2003, Pro filed suit against Volvo and the dealer, University Truck Center, Inc., alleging causes of action based on fraud, misrepresentation, negligence, breach of express warranty, breach of warranty of fitness for a particular purpose, and breach of warranty of merchantability. The complaint alleged that, after execution of the settlement/release, Pro began experiencing problems caused by the piston/liner components, something not covered by the settlement/release, and that Volvo knew of these problems and concealed them from their customers such as Pro. The complaint alleged that these problems with the piston/liner components caused Pro to suffer lost profits due to increased repair time and costs, loss of value of the trucks, and increased driver costs. The complaint also sought a declaratory judgment that, based on Volvo's concealment of the problems with the piston/liner components, the settlement/release was null and void. Volvo answered, denying the material allegations of the complaint.

By order entered on November 1, 2004, the trial court bifurcated the trial into two stages: first, whether Volvo procured the settlement/release by fraud and, second, the issue of liability and damages caused by the piston/liner failures. The ruling was based on our supreme court's decision in *Ciba-Geigy Corp. v. Alter*, 309 Ark. 426, 834 S.W.2d 136 (1992), holding that it was an abuse of discretion to try products–liability claims with a claim for breach of a settlement contract involving settlement of the same products claims.

The piston/liner case on liability and damages was tried to a jury January 10–21, 2005. Prior to the case being submitted to the jury, Pro dismissed via voluntary nonsuit all claims against University Truck Center. It also nonsuited its breach–of–warranty and negligence claims against Volvo. The jury returned a verdict in favor of Volvo and judgment was entered on the jury verdict. Pro filed a timely motion for new trial that the trial court denied. This appeal followed.

The question of whether an order is final and subject to appeal is a jurisdictional question, which we will raise on our own even if the parties do not. *Epting v. Precision Paint & Glass, Inc.*, 353

Ark. 84, 110 S.W.3d 747 (2003). When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the trial court may direct entry of a final judgment as to one or more but fewer than all of the claims only upon an express determination, supported by specific factual findings, that there is no just reason for delay, and upon an express direction for the entry of judgment. Ark. R. Civ. P. 54(b)(1). In the event the court so finds, it shall execute a Rule 54(b) certificate and set forth the factual findings upon which the determination to enter judgment as final is based. *See id.*

The supreme court has held that a party that has several claims against another party may not take a voluntary nonsuit of one claim and appeal an adverse judgment as to the other claims when it is clear that the intent is to refile the nonsuited claim and thus give rise to the possibility of piecemeal appeals. *See Haile v. Arkansas Power & Light Co.*, 322 Ark. 29, 907 S.W.2d 122 (1995); *Ratzlaff v. Franz Foods of Ark.*, 255 Ark. 373, 500 S.W.2d 379 (1973). *See also Driggers v. Locke*, 323 Ark. 63, 913 S.W.2d 269 (1996). This is so because a voluntary nonsuit or dismissal leaves the plaintiff free to refile the claim, assuming there has been no previous dismissal. *Haile, supra;* Ark. R. Civ. P. 41(a). The above cases were ones where partial summary judgment was granted and the plaintiff attempted to take nonsuits as to the remaining claims in order to appeal. However, there is no logical reason why the same reasoning should not apply in this situation where the case has been tried and certain claims nonsuited prior to submission to the jury. *See John Cheeseman Trucking, Inc. v. Dougan*, 305 Ark. 49, 805 S.W.2d 69 (1991) (holding that appeal from jury verdict on liability was not final where issue of damages and other claims remained to be tried).

Here, Pro has taken a nonsuit on its breach of warranty and negligence claims. Because the nonsuited claims may be refiled, this is an interlocutory appeal that we have no authority to entertain under Rule 2(a). Accordingly, we have no choice but to dismiss this appeal.

Dismissed.

GLOVER, J., agrees.

GLADWIN, J., concurs.

ROBERT J. GLADWIN, Judge, concurring. I concur with the majority because I believe the standard set by the supreme

court requires that we dismiss the appeal. I write separately however, because I believe that this case exemplifies an absurd application of Ark. R. Civ. P. Rule 54(b).

The question of whether an order is final and subject to appeal is a jurisdictional question that we will raise on our own even if the parties do not. *Epting v. Precision Paint & Glass, Inc.*, 353 Ark. 84, 110 S.W.3d 747 (2003). The supreme court has held that a party that has several claims against another party may not take a voluntary non-suit of one claim and appeal an adverse judgment as to the other claims when it is clear that the intent is to re-file the non-suited claim and thus give rise to the possibility of piece-meal appeals. *See Haile v. Ark. Power & Light Co.*, 322 Ark. 29, 907 S.W.2d 122 (1995). I submit that in the present case it is far from clear that the appellant's intent is to re-file the non-suited claim. Both parties were represented by extremely competent counsel. Prior to the case being submitted to the jury, appellant's counsel made the decision to dismiss all claims against University Truck Center and the breach-of-warranty claims against Volvo. This was a strategic trial decision by appellant's counsel. We can speculate why this decision was made, but it is certainly not clear that appellant's intent was to re-file the claim. I submit that it would be clearer for appellees to raise the affirmative defenses of res judicata and collateral estoppel, arguing both claim and issue preclusion, if appellant attempted to re-file.

I have found no Arkansas cases citing rule 54(b) following a jury trial. All of the cases found arise from motions for summary judgment. It is absurd to believe that appellant would take discovery, prepare for a trial, try the case to a jury verdict, appeal to our court, and conduct oral argument with the idea that it would go back and re-file a claim that was dismissed during trial. The supreme court has stated that a purpose of Rule 54(b) is to avoid the possibility of piece-meal appeals. *See Haile, supra.* This case created the exact piece-meal appeal that we should avoid. Trial counsel throughout Arkansas routinely non-suit claims before issues are submitted to juries. Based upon the current interpretation of Rule 54(b), it appears that they should dismiss with prejudice those claims if they anticipate the possibility of appeal.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING
DECEMBER 6, 2006

Appeal from Pulaski Circuit Court, *Chris Piazza*, Judge;

*Randy Coleman, P.A.*, and *Maynard, Cooper & Gale, P.C.*, by: *W. Percy Badham, III, Robert W. Tapscott, Jr.*, and *Brannon J. Buck*, for appellant.

*Barber, McCaskill, Jones & Hale, P.A.*, by: *Michael J. Emerson*, for appellees.

JOHN MAUZY PITTMAN, Chief Judge. On September 20, 2006, we dismissed this appeal for lack of a final order because appellant Pro Transportation, Inc. (Pro), nonsuited related breach-of-warranty and negligence claims that were subsequently dismissed without prejudice and no Rule 54(b) certification was obtained from the trial court. In its petition for rehearing, Pro argues that the order appealed from should be regarded as final because it would be precluded by the statute of limitations from refiling those claims. We deny the petition for rehearing but issue this supplemental opinion to address Pro's arguments.

Statutes of limitation generally constitute an affirmative defense rather than a jurisdictional bar. *Tatro v. Langston*, 328 Ark. 548, 944 S.W.2d 118 (1997); Ark. R. Civ. P. 8(c). Likewise, res judicata is an affirmative defense that must be raised in the trial court and does not present a question of jurisdiction. *Pryor v. Hot*

*Spring Chancery Court*, 303 Ark. 630, 799 S.W.2d 524 (1990). Thus, despite Pro's argument to the contrary, there is no jurisdictional impediment to its refiling the claims that it voluntarily nonsuited, and the possibility of piecemeal appeals, mentioned in *Haile v. Arkansas Power & Light Co.*, 322 Ark. 29, 907 S.W.2d 122 (1995), still exists.

Pro would have us examine, in each case and without benefit of citation or argument, the length and nature of the limitation period (and, presumably, any other affirmative defense that may be applicable) so as to decide the degree of likelihood that a nonsuited claim may be refiled. *Haile* does not require us to research these issues in order to determine our own jurisdiction, and such a procedure would be burdensome to this Court.

To invoke our jurisdiction, Pro was required to demonstrate that the order appealed from was final. This could have been easily done had Pro requested dismissal with prejudice of the nonsuited claims. It did not do so. It could also have been done had Pro obtained the certification of finality that Rule 54(b) requires when issues are outstanding. Pro could also, perhaps, have discussed the nonsuited claims in its brief, providing argument and authority to show that they were no longer viable and that the order appealed from was therefore final. However, even in this petition for rehearing, Pro maintains that the nonsuited claims are immune from the doctrine of res judicata. Here, Pro's case on all claims was fully presented to the jury. It was only after all the evidence was submitted and both sides had rested that Pro moved the trial court for dismissal without prejudice of the outstanding claims. We think that Pro's attempt to preserve these claims evinces a clear intent to refile and, in the absence of any showing to the contrary, its appeal was properly dismissed.

Rehearing denied.

HART, GLADWIN, GLOVER, and NEAL, JJ., agree.

VAUGHT, J., dissents.

LARRY D. VAUGHT, Judge, dissenting. I dissent from the denial of rehearing. Although the reasoning and authority of the majority appears to be sound on its face, I respectfully disagree because I believe that the law must make sense. If the progression of law is not logical it cannot be sustained, and the decision in this case is not a logical extension of prior case law. Like Judge Gladwin in his

concurring opinion, I believe this case mandates an absurd conclusion. However, I would take the next logical step and correct the absurdity, or at least invite the Arkansas Supreme Court to do so.

I am most troubled by the fact that in this case there was no intent to refile shown. The majority, in its initial opinion of September 20, 2006, relies on *Haile v. AP&L*, 322 Ark. 29, 907 S.W.2d 122 (1995), and *Ratzlaff v. Franz Foods of Ark.*, 255 Ark. 373, 500 S.W.2d 379 (1973), for the general rule that a party with several claims against another party may not take a voluntary non-suit on one claim and appeal judgment as to the other claim *when it is clear that the intent is to refile the non-suited claim.*[1] The emphasized language is never again mentioned in the opinion and because the issue was raised sua sponte by the court, neither party addressed its impact in their briefs. This case summarily abolishes the "clear intent to refile" requirement.

Both *Haile* and *Ratzlaff* are clearly distinguishable. *Haile* was a partial summary-judgment case where the appellant's attorney admitted in oral argument that he intended to refile the non-suited claims. Likewise, *Ratzlaff* is also a partial summary-judgment case where the court specifically held that the appellant sought to circumvent the policy of a statute by holding two counts in abeyance while seeking the supreme court's opinion on the validity of the third count. Both of these cases rely on the "clear intent to refile" language, which is completely ignored by the majority here.

The other obvious distinction between *Haile*, *Ratzlaff*, and the case at bar is that this case went to a jury and a judgment was rendered. The majority, citing *John Cheeseman Trucking v. Dougan*, 305 Ark. 49, 805 S.W.2d 69 (1991), concludes that there is no logical reason why the rule of *Haile* should not be applied to jury cases. But again, there is no mention of the "clear intent to refile" language. In *Cheeseman* liability and damages were bifurcated and the appellant sought to appeal the liability judgment before the damages trial. Clearly, such a factual predicate has no logical bearing on the case at bar.

The importance of the "clear intent to refile" language is clarified by a brief look back in history. In *Ratzlaff*, Justice George Rose Smith quoted from *Woodruff v. State*, 7 Ark. 333 (1846):

---

[1] In the majority's supplemental opinion, they characterize Pro's dismissal without prejudice of some of its claims as a *clear* intent to refile. This defies logic — a conclusion that requires inference can never be clear.

> It is not in the power of a party to single out a single issue, even by the most solemn contract of record, and submit it to the consideration of the supreme court, so as to elicit the opinion of the supreme court upon the law or the fact of the particular issue. Such a judgment would not be final, as not embracing all the issues in the case, and consequently it could not become the subject of an appeal or writ of error. The real object of the parties was to take the opinion of the supreme court upon the question of law arising upon the demurrer to the second plea, but in order to receive the benefit of that decision it became absolutely necessary that the circuit court should pass upon all the issues joined.

*Ratzlaff*, 255 Ark. at 375, 500 S.W.2d at 380. Justice Smith also cited *Yell v. Outlaw*, 14 Ark. 621 (1854), which commented upon the quote from *Woodruff*. These two cases are the seminal cases on the issue at hand.

In *Woodruff*, the parties agreed by written contract to demur to a question of law then submit that question only to the supreme court and if reversed, remand the case back to the trial court for trial of the factual issues. The supreme court held that the order was not final and that the parties could not piecemeal the appellate process. Thus, the "clear intent" of the parties was to circumvent the appellate process and to "refile" the factual issues after the legal issues were decided.

In *Yell*, perhaps the only case where an actual jury was seated, several issues were joined for trial with separate defenses to each, but before the evidence was presented to the jury, the defendant raised the legal defense of *nul tiel record* (no such record). The court found for the defendant on this legal issue, and the plaintiff refused to proceed with trial and elected to file a petition for writ of error with the intent to try the factual issues if a reversal was obtained. Judgment was entered for the defendant on the whole case. The supreme court reasoned:

> In this case, where the judgment of the court below, in favor of the defendants, upon one good plea, going to the whole cause of action, was sufficient to bar it, and the plaintiff could not force the defendants, having the right to plead several matters, to withdraw their other defenses, the only course left for the plaintiff was to proceed with the trial, and to obtain or submit to a verdict of a jury upon the issues of fact, which they had been sworn to try.

*Yell*, 14 Ark. at 624. The court held that the most favorable construction for the plaintiffs was that they elected to take a non-suit although

that may not have been their intention. Although the question of law the plaintiffs attempted to appeal was erroneously decided, the court reasoned that "no writ of error lies to reverse the judgment consequent upon it." *Id.* In other words the plaintiffs, by making a conscious choice to piecemeal the case, lost their right to appeal the judgment of the court.

These two cases are the underpinnings of the rules that we are bound to follow in this case. Both decisions relied on the conscious decisions of parties to piecemeal an appeal. In *every* case cited and *every* case found, the record reflects that there was a clear intent of the party who non-suited a claim to refile that claim. Because that intent is not present in this case, I would grant the petition for rehearing.