2013 Ark. App. 187

**Donald D. SPLAWN and Tammy Splawn, Appellants**

v.

**Barbara WADE, Appellee.**

**No. CA 12–569.**

Court of Appeals of Arkansas.

March 13, 2013.

Jensen Young & Houston, PLLC, Benton, by: Perry Y. Young, for appellants.

Janie M. Evins, for appellee.

KENNETH S. HIXSON, Hot Springs, Judge.

This case involves a property dispute in Garland County. There are three adjoining lots located on the north side of Lake Hamilton. The appellants, Donald and Tammy Splawn,[1] ("Splawns") owned the lot on the east end. The appellee, Barbara Wade,[2] ("Wade") owned the lot on the west end. The Splawns wanted to purchase the middle lot, which was owned by a third party. Wade's lot contains two small triangles of land that border the middle lot. The Splawns wanted to purchase those two small triangles of land from the Wades along with the middle lot. In November 1997, the Splawns and Wade entered into a written real-estate offer-and-acceptance agreement. The Splawns and Wade agreed that if the Splawns would have the middle lot under a purchase contract on or before November 1, 2007, then Wade would sell the two triangles to the Splawns for $15,000. The Splawns purchased the middle lot in 1999. Then, in November 2007 or February 2008, the Splawns attempted to purchase the two triangles from Wade. Wade refused to sell.

The Splawns filed this lawsuit against Wade advancing five claims: adverse possession, boundary by acquiescence, quiet title, specific performance and, in the alternative, breach of contract. Wade denied the allegations and counterclaimed for treble damages to trees and shrubbery allegedly destroyed on her property by the Splawns. Wade filed a motion for summary judgment as to each of the Splawns' claims. The Splawns filed a cross-motion for summary judgment requesting that the trial court order specific performance and order Wade to perform the contract. The trial court granted partial summary judgment to Wade and denied the Splawns' motion for summary judgment. Specifically, the order states:

1. The Defendant's [Wade's] motion to dismiss the cause of action for specific performance is granted as this is not an action for breach of contract. . . . The Plaintiff's Cross Motion for Summary Judgment is therefore denied.

2. All other pending claims are scheduled for a non-jury trial . . . on February 16, 2012.

Apparently, at some point the Splawns voluntarily withdrew their claim for adverse possession. A trial was held on February 16 and 22, 2012. A judgment was filed on April 6, 2012. The judgment provides in pertinent part.

The Court . . . DOES FIND THAT:

1. The plaintiffs have voluntarily withdrawn their claim against the defendant for adverse possession of the real property in dispute.

2. The plaintiff's have failed to prove by a preponderance of the evidence that there existed a boundary by acquiescence which differed from the boundary established by the deeds of the parties and the Com-

---

1. The original buyers in the purchase agreement were Donald Splawn and Terry Splawn, husband and wife. The Splawns were subsequently divorced and Mr. Splawn married his current wife, Tammy. The plaintiffs in the case below were Donald and Tammy Splawn.

2. The original sellers in the purchase agreement were Charles and Barbara Wade, husband and wife. Charles Wade passed away and Barbara Wade is the defendant below.

plaint of the Plaintiff is dismissed with prejudice.

3. The Defendant's Counterclaim is granted. Damages proven by a preponderance of the evidence are $350.00, which is hereby tripled by statute to $1,050.00. Defendant is awarded judgment against the Plaintiffs in the amount of $1,050.00, for all of which garnishment and execution may lie.

The Splawns timely appealed from the April 6, 2012 judgment, and in their notice of appeal they also designated the order of summary judgment as being appealed. We dismiss the appeal without prejudice for lack of a final order.

■ The question of whether an order is final and appealable is jurisdictional, and we are obligated to consider the issue on our own even if the parties do not raise it. *See Advanced Envtl. Recycling Techs., Inc. v. Advanced Control Solutions, Inc.,* 372 Ark. 286, 275 S.W.3d 162 (2008). Pursuant to Arkansas Rule of Appellate Procedure–Civil 2(a)(1), a party may appeal from a final judgment or final decree of the circuit court. Absent a certificate from the circuit court directing that the judgment is final, any judgment, order, or other form of decision, however designated, which adjudicates fewer than all the claims or rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties. Ark. R. Civ. P. 54(b)(2). When a lawsuit contains more than one claim for relief, a judgment that adjudicates fewer than all of the claims is neither final nor appealable. *Forever Green Athletic Fields, Inc. v. Lasiter Constr., Inc.,* 2010 Ark. App. 483, 2010 WL 2195770 (per curiam). The requirement that an order must be final and appealable is observed to avoid piecemeal litigation. *Wright v. Viele,* 2012 Ark. App. 459, 2012 WL 3854890.

In this case, the Splawns advanced five causes of action: adverse possession, boundary by acquiescence, quiet title, specific performance and, in the alternative, breach of contract. The order for partial summary judgment disposed of the specific-performance and the breach-of-contract causes of action. Three remaining causes of action, i.e., adverse possession, boundary by acquiescence and quiet title, were scheduled for trial. At some point, the Splawns voluntarily withdrew their claim for adverse possession. The record does not reflect when that occurred or in what manner it occurred. After hearing the evidence presented, the trial court determined that the Splawns failed to prove boundary by acquiescence, and granted judgment to Wade on her counterclaim for damage to trees and shrubbery.

■ The order being appealed is not a final order because the record contains no order disposing of or adjudicating the Splawns causes of action for adverse possession or quiet title. Pursuant to Ark. R. Civ. P. 41(a)(1), a claim may be voluntarily dismissed without prejudice by the plaintiff before final submission of the case; however, "it is effective only upon entry of a court order dismissing the action." In this case, paragraph one of the trial court's judgment recites that the Splawns had voluntarily withdrawn their claim for adverse possession. However, merely reciting that a plaintiff has taken a voluntary nonsuit is not sufficient to operate as a dismissal, the court must actually enter an order dismissing the case. *See Bevans v. Deutsche Bank Nat'l Trust Co.,* 373 Ark. 105, 281 S.W.3d 740 (2008) (where the supreme court held that although the background section of the order recited that Bevans dismissed her counterclaim, the order was not final because it did not reflect the court's disposition of the counterclaim), *see also Yanmar Co., Ltd. v.*

*Slater*, 2011 Ark. App. 167, 2011 WL 715972 (where we held that there was no entry of a final order dismissing all of the claims even though the trial court recognized in a pretrial order that Slater had nonsuited certain claims). In the absence of a written order dismissing the Splawns' claim for adverse possession, we must dismiss for lack of a final appealable order.

Moreover, we conclude that even had the trial court entered an order granting the Splawns a voluntary dismissal on the adverse-possession claim, this would not have resulted in a final appealable order. Our supreme court has held that a plaintiff may not take a voluntary nonsuit as to some of its claims and then appeal from the trial court's order disposing of the plaintiff's other claims because a voluntary nonsuit without prejudice leaves the plaintiff free to refile the claim, in such cases the order is not considered final. *Bevans, supra; Haile v. Arkansas Power & Light Co.*, 322 Ark. 29, 907 S.W.2d 122 (1995). Therefore, even had there been an effective voluntary nonsuit, a dangling issue would have remained because the Splawns would have been free to refile their adverse-possession claim, leaving the possibility of piecemeal litigation. In addition, the record is silent on the disposition of the Splawns cause of action for quiet title.

Finally, we recognize that in the order being appealed paragraph two states, "The plaintiffs have failed to prove by a preponderance of the evidence that there existed a boundary by acquiescence which differed from the boundary established by the deeds of the parties and the complaint of the plaintiffs is hereby dismissed with prejudice." However, this paragraph specifically pertains only to the boundary-by-acquiescence claim, which was tried before the court, and a harmonious reading of the trial court's separate findings indicates that the dismissal with prejudice applied only to that claim and not to the adverse-possession claim referenced by the trial court in the previous paragraph. Paragraph one states only that the Splawns voluntarily withdrew their adverse-possession claim. Because there has been no order entered by the trial court disposing of the adverse-possession claim and the quiet-title claim, this court lacks jurisdiction and the appeal must be dismissed without prejudice.

Appeal dismissed.

PITTMAN, HARRISON, WYNNE, and GRUBER, JJ., agree.

GLADWIN, C.J., and WALMSLEY, WOOD, and BROWN, JJ., dissent.

ROBERT J. GLADWIN, Chief Judge, dissenting.

Attorneys tell me they believe this court looks for reasons to not decide cases. Today the majority has proved that to be true. The order entered by the trial court clearly dismisses the plaintiff's complaint, which includes the adverse-possession claim, leaving no claim undecided. Because this is a final order, this court has jurisdiction to decide the case, therefore, I dissent.

This case began with appellants filing a complaint containing five causes of action: adverse possession, boundary by acquiescence or by estoppel, declaratory judgment quieting title, specific performance, and breach of contract. Appellees filed an answer and a counterclaim. The counterclaim alleged that appellants had destroyed no fewer than twenty trees located on appellee's property and asked for damages. Appellants answered the counterclaim, and the issues were joined. Subsequently, the parties each filed motions for summary judgment or dismissal. The trial court granted appellee's motion to dismiss the cause of action seeking spe-

cific performance, and appellants cross-motion for partial summary judgment was denied. A bench trial was held, and the trial court entered a judgment. Appellants filed a notice of appeal and designation of record, which designated the summary-judgment hearings. The record does not contain a transcript of the trial. The issue presented to this court on appeal is whether the trial court erred in granting appellee's motion for partial summary judgment.

The question of whether an order is final and appealable is jurisdictional, and we are obligated to consider the issue on our own even if the parties do not raise it. *See Cleary v. Sledge Props., Inc.*, 2009 Ark. App. 353, 2009 WL 1154926 (per curiam). For an order or judgment to be final it must, with exceptions not applicable here, dispose of all parties and all claims in the lawsuit. *See Martin v. Kat's Bar & Grill, LLC*, 2009 Ark. App. 737, 2009 WL 3644303, Ark. R. Civ. P. 54(b)(1) (2010). When a lawsuit contains more than one claim for relief, as did the lawsuit here, a judgment that adjudicates fewer than all the claims is neither final nor appealable. *Forever Green Athletic Fields, Inc. v. Lasiter Constr., Inc.*, 2010 Ark. App. 483, 2010 WL 2195770 (per curiam).

The majority relies on the language in paragraph 1 of the trial court's order to hold that there was not a final order. The order states, "The plaintiffs have voluntarily withdrawn their claim against the defendant for adverse possession of the real property in dispute."

To hold as they have, the majority has determined that the plaintiffs moved for, and the court granted, a voluntary dismissal under Rule 41(a) of the Arkansas Rules of Civil Procedure. To do this, the majority must find that the words voluntarily

withdrawn are synonymous only with non-suiting the case under Rule 41(a). There are no Arkansas cases that hold that "voluntarily withdrawn" means only that the case is nonsuited. It is equally plausible that appellants voluntarily withdrew their claim by saying prior to trial, "Judge, we know we can't make the adverse-possession claim, so we're not going to try that claim." I submit that was as plausible as a Rule 41 motion being made. The record is void of what happened, so I will not surmise as the majority does.

The majority compounds its error by not acknowledging the plain language of Rule 41(a)(1). That rule provides in pertinent part, "Although [a voluntary dismissal under this rule] is a matter of right, it is effective only upon entry of an order dismissing the action." *See% Blaylock v. Shearson Lehman Bros., Inc.*, 330 Ark. 620, 954 S.W.2d 939 (1997). For there to be a voluntary dismissal under Rule 41(a), the order would have to dismiss the adverse-possession claim without prejudice. This was not done,

In reality, the trial court dismissed appellants adverse-possession claim with prejudice. Paragraph 2 of the order states,

> The plaintiffs have failed to prove by a preponderance of the evidence that there existed a boundary by acquiescence which differed from the boundary established by the deeds of the parties and *the complaint of plaintiffs is hereby dismissed with prejudice.*

The trial court clearly dismissed appellants entire complaint with prejudice. There is no language excepting the adverse-possession claim.

The order does not specifically address the declaratory judgment quieting title or the breach-of-contract claims.[1] The ma-

---

1. The summary-judgement order held that the      motion to dismiss the specific performance of

jority does not suggest that the order dismissing the entire complaint was not effective as to those causes of action. The majority's opinion creates a new and limited definition for "voluntarily withdraws" and ignores the plain language of the order. Therefore, I dissent.

WALMSLEY, WOOD, and BROWN, JJ., join.

the contract was granted.