

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-13-1042

|  |  |
|---|---|
| IDA KING and KENNETH CALDWELL<br>APPELLANTS<br><br>V.<br><br>LESLIE JACKSON and KAREN JACKSON<br>APPELLEES | **Opinion Delivered** September 24, 2014<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIFTH DIVISION<br>[NO. 60CV-2011-192]<br><br>HONORABLE WENDELL GRIFFEN, JUDGE<br><br><br>DISMISSED |

## BILL H. WALMSLEY, Judge

Appellants Ida King and Kenneth Caldwell filed a complaint against appellees Leslie and Karen Jackson for ejectment and trespass. The Pulaski County Circuit Court dismissed appellants' claim for ejectment but did not address their claim for trespass. In *King v. Jackson*, 2013 Ark. App. 264, this court dismissed appellants' appeal for lack of a final, appealable order. Appellants then filed a motion for voluntary nonsuit specifically requesting that all outstanding claims be dismissed without prejudice, which the trial court granted. We must again dismiss for lack of a final, appealable order.

The question of whether an order is final and appealable is jurisdictional, and this court is obligated to consider the issue on its own even if the parties do not raise it. *Splawn v. Wade*, 2013 Ark. App. 187, 427 S.W.3d 89. When a lawsuit contains more than one claim for relief, a judgment that adjudicates fewer than all of the claims is neither final nor appealable. Ark.

R. Civ. P. 54(b)(2).

A party that has several claims against another party may not take a voluntary nonsuit of one claim and appeal an adverse judgment as to the other claims when it is clear that the intent is to refile the nonsuited claim and thus give rise to the possibility of piecemeal appeals. *Pro Transp., Inc. v. Volvo Trucks N. Am., Inc.*, 96 Ark. App. 166, 239 S.W.3d 537 (2006). This is so because a voluntary nonsuit or dismissal leaves the plaintiff free to refile the claim, assuming there has been no previous dismissal. *Id.*

Although appellants' notice of appeal purports that there are no outstanding claims in this case, the fact that appellants sought a dismissal without prejudice suggests otherwise. Also, even though their failure to comply with Ark. R. App. P.–Civ. 3(e)(vi) was pointed out in our earlier opinion, appellants' notice of appeal did not include a statement that they had abandoned any pending but unresolved claims, which would have operated as a dismissal with prejudice. *See Wilson v. Greg Williams Farm, Inc.*, 2013 Ark. App. 248. Appellants could have avoided this lack of finality.

Under these circumstances, appellants are free to refile their related claims against appellees. Without a final, appealable order, this court lacks jurisdiction and therefore dismisses the appeal without prejudice.

Dismissed.

PITTMAN and HIXSON, JJ., agree.

*Johnson & Vines, PLLC*, by: *James "Chris" McNeal* and *J. Andrew Vines*, for appellants.

*Law Office of Jeffrey Weber, PLLC*, by: *Jeffrey Weber*, for appellees.

2