

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV-17-19

| | |
|---|---|
| JEFF THOMAS<br>APPELLANT<br><br>V.<br><br><br>CLEAR INVESTIGATIVE ADVANTAGE,<br>LLC D/B/A SENTRYLINK<br>APPELLEE | **Opinion Delivered:** October 25, 2017<br><br>APPEAL FROM THE PULASKI<br>COUNTY CIRCUIT COURT,<br>SECOND DIVISION<br>[NO. 60CV-15-456]<br><br>HONORABLE CHRISTOPHER<br>CHARLES PIAZZA, JUDGE<br><br>AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

The Pulaski County Circuit Court granted summary judgment in favor of appellee

Clear Investigative Advantage, LLC (Clear Investigative), with respect to appellant Jeff

Thomas's Fair Credit Reporting Act (FCRA) claim and found that Clear Investigative

"reasonably relied upon the AOC [Arkansas Administrative Office of the Courts] website

such that summary judgment is appropriate."[1] From that grant of summary judgment,

Thomas now appeals. For the following reasons, we affirm.

Clear Investigative is a credit-reporting agency that was hired by Express

---

[1]Clear Investigative avers that it has no connection with Sentrylink, that it has had no connection in the past, and that Sentrylink is not associated with, a part of, or a subsidiary of Clear Investigative. None of the lower court's filings have Sentrylink in the heading, but in Thomas's notice of appeal, he lists the defendant as "Clear Investigative Advantage, LLC d/b/a Sentrylink." As such, that is what is reflected on the cover sheet of the record before us.

Employment Agency (Express) to supply a criminal-background report on Thomas. Clear Investigative delivered that report to Express in January 2014. Thomas had hired Express to assist him in finding a new job and knew Express would obtain a criminal-background report.

The January 2014 report supplied by Clear Investigative to Express was based on public information and records supplied by Courthouse Concepts, Inc. (CCI), an Arkansas corporation and an independent contractor, that provides criminal-background searches. Clear Investigative hired CCI to conduct a search on Thomas in the State of Arkansas. The criminal-background information that CCI supplied to Clear Investigative on Thomas included a report about a criminal conviction. Clear Investigative took its own further steps to verify Thomas's reported criminal-conviction by confirming his name, middle name, date of birth, and the respective records. The criminal-conviction information reported by CCI was based on court records in the State of Arkansas as reported on the AOC's website.

It is undisputed that the criminal-background information contained in Clear Investigative's January 2014 report to Express is the exact same criminal-background information supplied by CCI and is the exact same criminal-background information shown on the AOC website. Thomas never contacted anyone until long after the January 2014 report had been submitted. Subsequent efforts were made by Thomas's counsel, but Clear Investigative was unable to reach counsel.

As Clear Investigative asserts, it is also imperative in this case to understand that Thomas knew this criminal-background information existed and was found in Arkansas court records. He had known that fact since 2007 and had never taken any steps to correct

SLIP OPINION

the records before the January 2014 report. In 2015, Thomas contacted the AOC and obtained a correction letter dated June 1, 2015. However, he had never attempted to obtain a correction letter between learning of the information in 2007 until 2015.

On February 9, 2015, Thomas filed a complaint for an action for defamation, slander, and violation of the FCRA. Clear Investigative filed a motion to dismiss on April 29, 2015 and an amended motion to dismiss on May 27, 2015. Thomas filed an amended and supplemental complaint on June 11, 2015. Clear Investigative filed an amended motion to dismiss Thomas's amended and supplemental complaint on June 18, 2015. Clear Investigative filed a motion for summary judgment on July 5, 2016. The circuit court held a hearing on August 26, 2016, where Thomas orally took a nonsuit of all state-law claims and orally nonsuited his claim against CCI. In its order of dismissal, the circuit court confirmed that Thomas had nonsuited and dismissed all state-law claims—leaving only the FCRA claims.

We note that the circuit court first entered the order granting summary judgment in favor of Clear Investigative; two minutes later, it entered the voluntary dismissal of Thomas's state-law claims and all claims against CCI. As noted above, the order of dismissal without prejudice states, "[I]t is further ordered that all of [Thomas's] state law claims are dismissed without prejudice, leaving only the claims under the Fair Credit Reporting Act." However, the court had just entered summary judgment on that claim. While it initially appears as if there are claims, and even a defendant remaining in the case after dismissal, if the orders are read in conjunction with one another, it is apparent that the court granted the voluntary dismissal of all of Thomas's claims against CCI and all state-law claims against Clear

3

Investigative, leaving only the FCRA claims against Clear Investigative. The court dismissed that claim on summary judgment, so there are no remaining claims or defendants.

The voluntary dismissal was without prejudice, and generally, a circuit court's order granting a nonsuit and dismissing claims, without prejudice is not a final order or an adjudication on the merits because the merits of the cause are not finally determined. *See Beverly Enters.-Ark., Inc. v. Hillier*, 341 Ark. 1, 3, 14 S.W.3d 487, 488 (2000). However, in the instant case, Thomas's notice of appeal states that he "abandons all other claims not otherwise asserted, pending review of this Court."

In *King v. Jackson*, 2014 Ark. App. 488, at 1–2, our court held:

> The question of whether an order is final and appealable is jurisdictional, and this court is obligated to consider the issue on its own even if the parties do not raise it. *Splawn v. Wade*, 2013 Ark. App. 187, 427 S.W.3d 89. When a lawsuit contains more than one claim for relief, a judgment that adjudicates fewer than all of the claims is neither final nor appealable. Ark. R. Civ. P. 54(b)(2). A party that has several claims against another party may not take a voluntary nonsuit of one claim and appeal an adverse judgment as to the other claims when it is clear that the intent is to refile the nonsuited claim and thus give rise to the possibility of piecemeal appeals. *Pro Transp., Inc. v. Volvo Trucks N. Am., Inc.*, 96 Ark. App. 166, 239 S.W.3d 537 (2006). This is so because a voluntary nonsuit or dismissal leaves the plaintiff free to refile the claim, assuming there has been no previous dismissal. *Id.*

Our court also noted in *Wilson v. Greg Williams Farm, Inc.*, 2013 Ark. App. 248, at 4–5,

> [t]hat this problem [of finality] could have been avoided had the appellants' notice of appeal been in compliance with Arkansas Rule of Appellate Procedure–Civil 3. In 2010, the supreme court issued an amendment to Rule 3 to require a new statement in every notice of appeal and notice of cross-appeal from a final order or judgment. *See In re: Arkansas Rules of the Supreme Court and Court of Appeals*; *Rules of Appellate Procedure Civil; and Rules of Civil Procedure,* 2010 Ark. 288 (per curiam). The amended rule provides that a notice of appeal or cross-appeal shall
>
>> state that the appealing party abandons any pending but unresolved claim. This abandonment shall operate as a dismissal with prejudice effective on the date that the otherwise final order or judgment appealed from was entered. [Ark. R. Civ. 3(e)(vi) (2012).].

SLIP OPINION

Here, because Thomas has abandoned his voluntarily nonsuited claims in his notice of appeal, he will be able to refile them. Therefore, the issue of finality has been resolved, and we now turn to the merits of Thomas's appeal.

Thomas first argues that there remains a question as to whether this matter was time-barred and that his state-law claims were not preempted. However, both of these issues are moot. Thomas's counsel stated at the summary-judgment hearing that he was nonsuiting all the state-law claims and leaving only the FCRA claims. He then filed a motion to dismiss, reducing his statements to writing. As noted above, a dismissal order was filed indicating that "all of Thomas's state law claims are dismissed without prejudice, leaving only the claims under the Fair Credit Reporting Act," and Thomas then abandoned those claims in his notice of appeal.

Despite nonsuiting his state-law claims, Thomas attempts to now make the argument that the motion for summary judgment should have been denied because Clear Investigative failed to prove the statute of limitations barred his state-law claims, and Thomas's state-law claims were not preempted. It is well settled that we do not render advisory opinions or answer academic questions. *Wilson v. Pulaski Ass'n of Classroom Teachers*, 330 Ark. 298, 954 S.W.2d 221 (1997). Because Thomas dismissed all his state-law claims, these issues are now moot on appeal.

Thomas next argues that Clear Investigative violated the FCRA. Summary judgment is to be granted by the trial court only when there are no genuine issues of material fact to be litigated, and the moving party is entitled to judgment as a matter of law. *Chamberlin v. State Farm Mut. Ins. Co.*, 343 Ark. 392, 36 S.W.3d 281 (2001). In reviewing a grant of

summary judgment, an appellate court determines if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion left a material question of fact unanswered. *Id.* This court views the evidence in the light most favorable to the party against whom the motion for summary judgment was filed and resolves all doubts and inferences against the moving party. *Id.*

The facts presented to the circuit court were that Clear Investigative provides a service of conducting and providing criminal-background checks for employers and customers as a consumer-reporting agency. In the instant matter, Clear Investigative's customer, Express, ordered a criminal-background report on Thomas on January 9, 2014. Clear Investigative contracted with CCI, an independent entity in Arkansas. Clear Investigative later generated its report based on information it received from CCI regarding Thomas.

CCI's work included checking the records of the AOC that showed the precise criminal record of Thomas, which was later included in Clear Investigative's report. Thomas's background report was provided to Express employees, Nancy Bates and John Lawson, on January 23, 2014. In April 2014, after the January 2014 report, Thomas was offered employment at Pierce & Co. by Express, but he turned down the employment offer because he was already employed. At the time Express extended the offer for employment at Pierce & Co., Express had already received the January 2014 report so Thomas cannot claim he suffered damages. Express's decision to extend an offer of employment to Thomas was not affected or influenced by the January 2014 report.

While maintaining that it has no ties to Sentrylink, Clear Investigative also asserts that Thomas personally contacted Sentrylink in June 2014 and paid it $20 to obtain a criminal-

SLIP OPINION

background report on himself. The independent Sentrylink criminal–background report supplied to Thomas contained the exact same criminal–background information about Thomas as Clear Investigative's January 2014 report.

Moreover, the information contained in Thomas's report was correct as of January 2014 based on the public records then existing in the State of Arkansas about his criminal background and as reflected on the AOC website. Based on the record before us, it is apparent that Clear Investigative reasonably relied on the information provided by CCI and took additional measures to verify the information reported, including verifying Thomas's name, middle name, and date of birth. Clear Investigative conducted a reasonable investigation and reported the information from legally reliable sources, including the AOC.

Because Clear Investigative is a consumer-reporting agency, the federal code sections referenced by Thomas are not applicable to Clear Investigative. Thomas is mistaken in arguing that duties of furnishers of information, rather than duties of consumer-reporting agencies, apply to Clear Investigative. Clear Investigative provided its background report on Thomas to Express, but Clear Investigative is not the furnisher of information under the FCRA, and Thomas is incorrectly trying to apply duties to Clear Investigative that simply do not apply to it. Consequently, Thomas has failed to cite applicable authority. We believe that the circuit court properly held that Clear Investigative "reasonably relied upon the AOC website such that summary judgment is appropriate" and hold that the circuit court properly granted Clear Investigative's motion for summary judgment on the FCRA claims.

Affirmed.

VAUGHT and HIXSON, JJ., agree.



*Sutter & Gillham, P.L.L.C.*, by: *Luther Oneal Sutter*, for appellant.

*Barber Law Firm PLLC*, by: *Robert L. Henry III* and *Anthony J. Marelle*, for appellee Clear Investigative Advantage.