Factual Background
This case involves ownership of the easternmost part of an island in the Arkansas River where the Two Rivers Park was constructed and is located (hereinafter referred to as the "island" or the "island property"). At some point prior to 1915, the island did not exist. This island is close to the south bank of the Arkansas River.[3] The appellants' claim to the property is through what is referred to as the "Bullock chain of title" and the appellees' claim to the property is through what is referred to as the "Blackwood chain of title."
Appellants claim ownership of part of the island through the Bullock chain of title generally as follows: Appellants trace their title back through various conveyances and legal descriptions to 1820 by claiming that their chain of title is through Henry Bullock. Both the City and the County acknowledge that Henry Bullock owned certain property in the west half of the fractional Southeast Quarter of Section 15, Township 2 North, Range 13 West;[4] however, the appellees contend that the Bullock property lies on the north side of the Arkansas River and does not include the island property.
The City claims ownership of the island under a 1975 condemnation decree through the Blackwood chain of title generally as follows: In 1915, the attorney general successfully brought a statutory proceeding to have the State declared the owner of the island property. Shortly thereafter, the State conveyed the island property to J.W. Blackwood. Then in 1974, the City instituted a condemnation action of two parcels: a tract in Section Twenty-two and another tract, which was the island property. In a 1975 decree, the chancery court upheld the condemnation of both tracts including the island property and set the compensation due the owners. The condemnation order recited that the title to said property was divested out of the owners and vested in the City of Little Rock, Arkansas. The compensation was paid into the registry of the court. The condemnation deed was affirmed on appeal. See Sullivan v. City of Little Rock , 260 Ark. N-217 (1976) (unpublished).
The gist of the appellants' claim, inter alia , is that in the 1975 condemnation proceeding, the City gave notice of the proceeding to only the persons in the Blackwood (appellees') chain of title and that no *65 notice was given to the persons in the Bullock (appellants') chain of title. Hence, the appellants claim that because their predecessors in title were not given notice of the condemnation proceedings in 1975 and were not among those compensated by the City, the 1975 condemnation proceeding is still open and pending.[5]
On February 2, 2012, appellants filed their complaint seeking to quiet title to the island property or, alternatively, compensation for the taking of their property. Appellants asserted that both the 1915 decree and the 1975 condemnation decree were void because their predecessors in title did not receive proper notice or service. The City and the County answered separately, denying the material allegations and raising the affirmative defense of the statute of limitations.
Appellants filed a motion for partial summary judgment, asserting that, because there was no publication of notice prior to the entry of the quiet-title decree in 1915 or the condemnation decree entered in 1975, both decrees were void, and those cases were still pending. Appellants contended that, because the cases were still pending, the statutes of limitations could not run.
The City and the County both responded to appellants' motion. The County responded and filed its own motion for summary judgment, arguing among other things that appellants' claims were barred by the statute of limitations. The City responded that appellants had failed to show that their predecessors in title had any interest in the property or that the property described in appellants' complaint included any part of the island property. The City would later file a separate summary-judgment motion wherein it adopted by reference the County's motion for summary judgment contending the appellants' claims were barred by the statute of limitations.
A hearing was held and the circuit court ruled from the bench, denying appellants' motion for partial summary judgment and granting the motions of the City and the County. The order memorializing the ruling was entered on January 26, 2017. The circuit court did not resolve the issue of whether the appellants actually owned the island property or whether title passed through the Bullock chain or the Blackwood chain. Rather, the circuit court essentially found that regardless of whether the appellants possessed an ownership interest in the island property through the Bullock chain, the appellants' sole remedy was an action for inverse condemnation and that the applicable seven-year statute of limitations had expired prior to the present complaint being filed in 2012 by the appellants, thereby barring appellants' claims. Appellants filed a timely notice of appeal.
Standard of Review
Our standard of review for summary-judgment cases is well established. Anderson v. CitiMortgage, Inc. , 2014 Ark. App. 683, 450 S.W.3d 251. Summary judgment should be granted only when there are no genuine issues of material fact to be litigated, and the moving party is entitled to judgment as a matter of law. Thomas v. Clear Investigative Advantage, LLC , 2017 Ark. App. 547, 531 S.W.3d 458. The purpose of summary judgment is not to try the issues, but to determine whether there are any issues to be tried. Graham v. Underwood , 2017 Ark. App. 498, 532 S.W.3d 88. In reviewing a grant of a summary judgment, the appellate court determines if summary judgment was appropriate based on whether the evidentiary items *66 presented by the moving party left a material question of fact unanswered. Thomas, supra . We view the evidence in the light most favorable to the party against whom the motion for summary judgment was filed and resolve all doubts and inferences against the moving party. Id.
Discussion
Appellants argue on appeal that they established a good chain of title to the island property and that the 1915 and 1975 proceedings by the State and the City were void for lack of notice to their predecessors in title. As was done in the trial court, due to the fatal application of the expiration of the applicable statute of limitations, we need not address the issue of ownership of the island property by the appellants. Assuming arguendo that the appellants did, in fact, establish an ownership interest in the island property in 1975 or before, the appellant's interest in said property was inversely condemned by the City since at least 1999.[6] The City and the County presented evidence of the City's possession of the island that was consistent with ownership of the property. In 1999, the City constructed public trails over the property, including the island portion. These trails are for pedestrians, bicyclists, and equestrians. The City also constructed walls and signage at the park entrance, which is at the western edge of the park. The City has continued to maintain and exclusively occupy the park. In 2001, the City installed a trailhead map that shows trails extending to the easternmost edge of the island. Further, there was no evidence that the appellants occupied the island property for any purpose since at least 1999.
Further, in 2003, appellant Michael Wilkins contacted the City and claimed to be the owner of the island property. On December 12, 2003, the City provided Wilkins with this response:
Thank you for the information that you furnished to support your claim for ownership of property in and around the City's Two Rivers Park. We have discussed this matter with our City Attorney, Tom Carpenter, and Mr. Mark Webre from the Parks Department.
Mr. Webre informed us that this issue has come up in the past and was researched by Assistant City Attorney, Steve Giles. Mr. Giles sent Mr. Webre a letter stating that Beach Abstract performed a title search of the property and determined that the City of Little Rock had acquired full ownership of the property through eminent domain and a decree in Chancery Court dated November 25, 1975.
Tom Carpenter has also looked at this and feels that the time for making a claim on the property expired in 1990. Any transaction after this date will not be valid. Based on the information we have received, I must deny your claim of ownership of the park property.
(Emphasis added.) This letter from the City to Wilkins clearly put him on notice that the City was claiming absolute ownership of the island property as against all others. Based on this evidence, the trial court found that the appellants' sole remedy was an action for inverse condemnation and that the applicable statute of limitations had expired, which barred all claims by the appellants.
Inverse condemnation is a remedy for the physical taking of private property without following eminent-domain *67 procedures. Daniel v. City of Ashdown , 94 Ark. App. 446, 232 S.W.3d 511 (2006). Fault has nothing to do with eminent domain, and it is not bare trespass or negligence which results in inverse condemnation but something which amounts to a de facto or common law taking. Robinson v. City of Ashdown , 301 Ark. 226, 783 S.W.2d 53 (1990). Inverse condemnation is thus a cause of action against a governmental entity to recover the value of property which has been taken in fact by a governmental entity although not through eminent-domain procedures. Id.
Appellants' right to bring an inverse-condemnation action is set forth in Arkansas Code Annotated section 18-15-410(a) (Repl. 2015), which provides:
If a municipality shall enter upon property which it has the right to acquire by condemnation proceedings without commencing condemnation proceedings, the owner of the property shall have the right to commence condemnation proceedings against the municipality at any time before an action for the recovery of the property or compensation therefore would be barred by the statute of limitations.
Arkansas Code Annotated section 18-61-101(a) provides:
No person or his or her heirs shall have, sue, or maintain any action or suit, either in law or equity, for any lands, tenements, or hereditaments after seven (7) years once his or her right to commence, have, or maintain the suit shall have come, fallen, or accrued.
All suits for the recovery of any lands shall be had and sued within seven years after the title or cause of action accrued. Ark. Code Ann. § 18-61-101(a)(2). Our courts have consistently upheld the seven-year statute of limitations for inverse-condemnation actions. Daniel, supra . Recovery under the inverse-condemnation statute is a landowner's exclusive remedy. See Missouri & N. Ark. R.R. Co. v. Chapman , 150 Ark. 334, 234 S.W. 171 (1921) ; DeBoer v. Entergy Ark., Inc. , 82 Ark. App. 400, 109 S.W.3d 142 (2003).
Appellants argue that inverse condemnation does not apply because section 18-15-410(a), quoted above, appears in the "Eminent Domain" chapter of the Arkansas Code in a subsection entitled "Municipal Corporations-Waterworks Systems." We disagree. That same section has been used to authorize an inverse-condemnation action for land used as a city dump. Daniel, supra . The language of the statute plainly encompasses actions taken by a municipality and not just waterworks, and it applies to this litigation.
The appellants presented no proof that they had occupied the island property for any purpose. The City and the County presented evidence of the City's possession of the island that was consistent with ownership of the property. As set forth above, since at least 1999, the City had constructed public trails, walls, and signage and continuously maintained the property. Of particular importance is the communication between appellant Michael Wilkins and the City in December 2003. In the letter from the City to appellant Wilkins, the City in no uncertain terms claimed exclusive ownership of the island property. This letter dated December 12, 2003, put the appellant on actual notice that the City was claiming ownership of the island property. Thus, the seven-year statute of limitations began to run, at the latest, in December 2003, and would have expired in December 2010. The appellants did not file their present action against the City and the County until more than seven years later in February 2012. Because the appellants did not file suit within the seven-year statute of limitations, the circuit court correctly *68 ruled that their claims were barred by the statute of limitations.
Affirmed.
Abramson and Virden, JJ., agree.

Although this property was once an island many years ago, it is now in fact a peninsula that attaches to the south bank toward the west. For purposes of this litigation, however, it is referred to as an island.

Bullock also owned the west half of the Northeast Quarter in section 15.

The appellants make the same general claim against the 1915 proceeding.

There was evidence that the City began constructing some improvements to the island property as far back as 1975.