WAYMOND M. BROWN, Judge
This appeal arises from a grant of summary judgment deciding a contract dispute between John McClendon and Farm Bureau Mutual Insurance Company of Arkansas ("Farm Bureau"). Appellant filed suit against Farm Bureau for breach of contract and negligence based on its failure to pay on a grain-loss claim. More specifically, appellant contended that Farm Bureau's failure to send notice thirty days prior to the expiration of appellant's policy, pursuant to Arkansas Code Annotated section 23-88-105, constituted negligence. Appellant further contended that Farm Bureau's failure to give notice that the policy was set to expire prevented the policy from expiring and that Farm Bureau breached its contract with appellant by failing to cover appellant's grain loss. Alternatively, appellant argued that Farm Bureau's failure to give notice was in and of itself a breach of contract and in contravention of section 23-88-105. The trial court granted summary judgment in favor of Farm Bureau finding that section 23-88-105 was not applicable to appellant's contract with Farm Bureau because appellant's policy was a casualty insurance policy, not a property insurance policy, and that Farm Bureau owed appellant no duty. Appellant argues on appeal that the trial court erred by finding that the statute was inapplicable to the contract he had with Farm Bureau. Additionally, he maintains that since the contract with Farm Bureau was covered under the statute, Farm Bureau's failure to give the required notice resulted in the policy being extended as a matter of law until Farm Bureau complied with the law. We hold that summary judgment in this case was not appropriate, and accordingly, we reverse and remand.
The facts in this case are not disputed. Appellant owns a farm and grain bins located in Lee County, Arkansas. He uses his farming operation to store the grains that are produced. Appellant took out a ninety-day Term Grain Policy (policy number TGO1043867) on July 6, 2015, for $ 270,000 in coverage to cover the bushels of wheat crop that had not been sold and remained on appellant's property. Appellant paid the $ 437.40 premium associated with the policy. Based on the terms of the policy, it was to expire on October 4, 2015. On December 23, 2015, a tornado struck the bins, causing extensive damage to the 45,027 bushels of wheat that remained unsold. Appellant was able to sell nearly *434 33,000 bushels at a drastically reduced rate; however, over 12,000 bushels remained unsold and without value. Appellant contacted Farm Bureau about his loss following the storm and Farm Bureau refused to cover the loss because appellant's policy had expired about eighty days prior to the loss.
Appellant filed a complaint on February 24, 2017, against Farm Bureau for damages in the amount of $ 227,100.71 plus a 12% penalty. He also sought attorneys' fees, pre-judgment interest, and costs. Farm Bureau filed an answer on March 20, 2017, seeking to have the complaint dismissed. Appellant filed an amended complaint on May 18, 2017, specifically alleging breach of contract and negligence. Farm Bureau filed an answer on June 6, 2017. Farm Bureau filed a motion for summary judgment on January 17, 2018, arguing that appellant's contract with Farm Bureau had expired at the time of appellant's loss and that due to the unique and highly specialized nature of the contract in question, Arkansas Code Annotated section 23-88-105 did not apply. Thus, Farm Bureau maintained that there was no duty on its part to notify appellant about the expiration of his policy. Farm Bureau filed a brief in support of its summary-judgment motion the same day. Appellant filed a motion for partial summary judgment on January 25, 2018, contending that he was entitled to summary judgment as a matter of law. He filed a response to Farm Bureau's motion and a brief in support of his partial-summary-judgment motion the same day. Farm Bureau filed a combined reply and response on February 14, 2018. Farm Bureau filed a supplement to its February 14 filing on March 12, 2018, seeking to include a letter from a representative of the Arkansas Insurance Department that was in response to a question asked by appellant's attorney.[1] Appellant filed a motion to exclude the letter as well as a reply to Farm Bureau's response on March 21, 2018.
A hearing on the motions took place on March 22, 2018. The court addressed the motion to exclude first and agreed with appellant that the letter should not come in as evidence. The court then heard arguments from each side concerning their competing summary-judgment motions. The court filed an order on May 18, 2018, granting Farm Bureau's motion for summary judgment and denying appellant's motion for partial summary judgment. The order stated in pertinent part:
3. That Farm Bureau denied Plaintiff's grain loss claim from the December 23, 2015 tornado due to the fact that the Policy had lapsed some eighty (80) days prior on October 4, 2015. Plaintiff denies that the policy expired on October 4, 2015 because Farm Bureau did not comply with and give the notices required by Ark. Code Ann. § 23-88-105. Plaintiff contended that the failure of Farm Bureau to comply with Ark. Code Ann. § 23-88-105 was evidence of negligence, a breach of contract and that the policy remained in effect at the time of the loss because of Farm Bureau's failure to follow the law.
4. That, on July 6, 2015, the Plaintiff expressly sought out insurance from Farm Bureau for his grain. On that same date, the Plaintiff specifically *435 chose the duration of the policy. He also chose the amount of the policy. Farm Bureau then calculated the rate of the term on a term grain worksheet which was executed by the Plaintiff for a specific time period being 90 days. The policy expired on October 4, 2015. Arkansas statutory law requires that the Court finds that this is a "casualty insurance policy," not a "property insurance policy" for a specific period of time. Therefore, Arkansas Code Annotated § 23-88-105 does not apply. Farm Bureau had no duty to give notice to the Plaintiff. It is incumbent upon the Plaintiff to renew the policy because he chose the time period, the amount, and the duration of the policy. Therefore, the duty was on him, not on Farm Bureau, to renew the policy prior to the event. The Court finds that there cannot be proximate cause or negligence on the part of Farm Bureau[.]
Appellant filed a motion to reconsider or alternatively a motion to modify judgment and supporting brief on May 24, 2018. Farm Bureau filed a response on June 5, 2018. Appellant filed a reply on June 7, 2018. Appellant subsequently filed a notice of appeal. The court filed an order on June 25, 2018, denying appellant's motions. Appellant filed an amended notice of appeal on July 18, 2018. This appeal followed.
Our standard of review for summary-judgment cases is well established.[2] Summary judgment should be granted only when there are no genuine issues of material fact to be litigated, and the moving party is entitled to judgment as a matter of law.[3] The purpose of summary judgment is not to try the issues, but to determine whether there are any issues to be tried.[4] In reviewing a grant of a summary judgment, the appellate court determines if summary judgment was appropriate based on whether the evidentiary items presented by the moving party left a material question of fact unanswered.[5] We view the evidence in the light most favorable to the party against whom the motion for summary judgment was filed and resolve all doubts and inferences against the moving party.[6]
For his first point on appeal, appellant contends that the trial court erred by not finding that his policy with Farm Bureau was property insurance. Arkansas Code Annotated section 23-62-104 defines property insurance in the following manner:
As used in the Arkansas Insurance Code, unless the context otherwise requires, "property insurance" is insurance on real or personal property of every kind and of every interest therein, whether on land, water, or in the air, against loss or damage from any and all hazard or cause and against loss consequential upon the loss or damage, other than noncontracted legal liability for the loss or damage.
Several types of insurance are considered casualty insurance according to Arkansas Code Annotated section 23-62-105 : (1) vehicle insurance, (2) liability insurance, (3) workers' compensation and employer's liability, (4) burglary and theft, (5) personal property floater, (6) glass, (7) boiler and machinery, (8) leakage and fire extinguishing equipment, (9) credit, (10) malpractice, (11) livestock, (12) entertainment, (13) elevator, *436 (14) abstractor's professional liability, (15) mortgage lien protection, and (16) miscellaneous. Personal property floater is defined as "insurance upon personal effects against loss or damage from any cause under a personal property floater." Ark. Code Ann. § 23-62-105(5).
Arkansas Code Annotated section 23-88-105 states:
(a) Except for nonpayment of premiums, the insurer shall give either a written notice or nonrenewal or an offer of renewal at least thirty (30) days prior to the expiration of the policy's existing terms.
(b) The insurer shall send the insured a written notice and the insurance producer written or electronic notice of the offer of renewal under subsection (a) of this section, indicating the new premium and providing a description of any change in deductible or policy provision in the renewal policy.
Arkansas Code Annotated section 23-62-101 states:
It is intended that certain insurance coverages may come within the definitions of two (2) or more kinds or insurance as defined in this subchapter and §§ 23-62-201, 23-62-202, 23-62-203, 23-62-204, 23-62-205, and 23-62-701, and the inclusion of the coverage within one (1) definition shall not exclude it as to any other kind of insurance within the definition of which that coverage is reasonably includable.
Appellant maintains that it was error for the court to conclude that the insurance policy taken out with Farm Bureau was casualty insurance. He further contends that even if it was casualty insurance, it was still error for the court to find that it was not also property insurance. We hold that based on the broad statutory language concerning property insurance and the statute stating that an insurance policy can fall under two or more types of insurance, there remain genuine issues of material fact that need to be resolved. Thus, summary judgment was not appropriate in this case. We are not making any determination as to whether the policy at hand is casualty insurance, property insurance, or both. However, we reverse and remand for the trial court to resolve the question of whether this policy can be both casualty insurance and property insurance. If, on remand, this policy is found to be property insurance, we direct the court to decide the applicability of section 23-88-105. Since we are reversing and remanding on appellant's first point on appeal, we do not reach his second point.
Reversed and remanded.
Abramson and Klappenbach, JJ., agree.

The letter stated in pertinent part:
After extensive review, our response to your question regarding the application of Arkansas Code Ann. § 23-88-105, would be that this statute would not apply to your situation.
Arkansas Code Ann. § 23-62-105(5), indicates a Personal Property Floater is a Casualty Insurance, thus not subject to ACA 23-88-105, which pertains to property coverages[.]

Anderson v. CitiMortgage, Inc. , 2014 Ark. App. 683, 450 S.W.3d 251.

Thomas v. Clear Investigative Advantage, LLC , 2017 Ark. App. 547, 531 S.W.3d 458.

Graham v. Underwood , 2017 Ark. App. 498, 532 S.W.3d 88.

Thomas, supra.

Id.